[Civ. No. 67577. Second Dist., Div. Six. June 2, 1983.]

CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION et al.,
Plaintiffs and Appellants, v.
BOARD OF TRUSTEES OF TEMPLETON UNIFIED SCHOOL
DISTRICT, Defendant and Respondent.

**COUNSEL**

E. Luis Saenz for Plaintiffs and Appellants.

Richard C. Anthony, Frank J. Fekete, Peter C. Carton, Ronald D. Wenkart and Joanne A. Velman for Defendant and Respondent.

OPINION

**GILBERT, J.**—California School Employees Association (hereafter CSEA) and Fran Ashton appeal from a judgment of the superior court denying their petition for writ of mandate to reverse the decision of Templeton Unified School District Board of Trustees (hereafter the Board) discharging Ashton from her employment as a bus driver/custodian. We are asked to determine whether the Board wrongfully terminated Ashton as bus driver/custodian because the Department of Motor Vehicles (hereafter the DMV) revoked her school bus driver's certificate for a three-year period. We conclude that the Board properly terminated Ashton on the ground that she no longer possessed the requisite qualifications for the job of bus driver/custodian.

When this case arose, Fran Ashton had been a full-time permanent classified employee of the Templeton Unified School District [District] and a noncertificated member of the local chapter of CSEA for 11 years. She had been employed continuously as a bus driver combined with additional work variously as teacher-aide, cafeteria worker or custodian. For several years immediately prior to this action she had held the job of "bus driver/custodian."

On January 16, 1980, Ashton pleaded guilty to drunk driving. On February 29, 1980, the DMV advised her by letter that her school bus driver certificate was being revoked for a period of three years. The DMV sent a copy of this letter to the District.

On March 5, 1980, Ashton was notified by the superintendent of the district that she was being suspended immediately without pay because the DMV had revoked her school bus driver certificate as a result of her recent drunk driving conviction. CSEA immediately wrote a letter of response on behalf of Ashton demanding her reinstatement with back pay, claiming her legal rights had been violated. The superintendent responded that Ashton was entitled to a hearing before the Board upon request, and Ashton requested a hearing which was scheduled for March 10, 1980.

At the conclusion of the hearing the Board ordered the dismissal of Ashton, effective April 8, 1980, and continued her suspension without pay to that date. A copy of the Board's decision was mailed to Ashton on March 11, 1980.

Fran Ashton and CSEA sought a writ of mandate to reverse the Board's decision, claiming (1) that the Board had relied on hearsay evidence alone, and (2) that the following findings were not supported by the evidence: (a)

that Ashton filled only a single job which required her to have a valid bus driver's license, (b) that all bus drivers/custodians in the district were similarly required to maintain a valid bus driver's license, and (c) that having lost her bus driver's license, Ashton no longer possessed the requisite qualifications for the job. The trial court exercised its independent judgment and denied the writ on October 27, 1980. At petitioners' request findings of fact and conclusions of law were prepared and filed. The judgment was entered on January 16, 1981.

■ Where, as in this case, the superior court in a mandamus proceeding exercises its independent judgment on the evidence, the issue on appeal is whether substantial evidence in the record supports its findings. (See, e.g., *Board of Education* v. *Jack M.* (1977) 19 Cal.3d 691, 697 [139 Cal.Rptr. 700, 566 P.2d 602]; *Hosford* v. *Board of Administration* (1978) 77 Cal.App.3d 854, 859 [143 Cal.Rptr. 760].)

■ Appellants argue that the agency exercising disciplinary authority must produce convincing proof to a reasonable certainty of the alleged misconduct at a hearing. (*Realty Projects, Inc.* v. *Smith* (1973) 32 Cal.App.3d 204 [108 Cal.Rptr. 71].) Appellants' reliance on *Realty Projects* is misplaced. Although the bus driver's license revocation by the DMV may be characterized as disciplinary, the District's termination of Ashton's employment for cause is not a disciplinary proceeding. Without a school bus driver's certificate, Ashton is simply not qualified to drive a school bus. In any event, the letter from the DMV with Ashton's admission, together with the testimony of school Superintendent Devereaux that all drivers must be licensed, constitute "convincing proof to a reasonable certainty" on this issue. (*Id.*, at p. 212.)

The trial court found on substantial evidence the following: (a) that Ashton's job as bus driver/custodian "was one job, with a combination of duties, and was paid by a single monthly paycheck"; (b) that the District has no job description for bus driver/custodian, but has descriptions for the separate positions of bus driver and of custodian; (c) that for each position there are separate rates of pay; (d) that Ashton worked five hours per day as custodian and three hours as bus driver; and (e) that she could perform custodian duties without a school bus driver's certificate.

The finding that the bus driver/custodian position was one job is challenged by appellants on the basis that it is supported only by hearsay evidence which is insufficient. (*Walker* v. *City of San Gabriel* (1942) 20 Cal.2d 879, 881 [129 P.2d 349, 142 A.L.R. 1383]; *Layton* v. *Merit System Commission* (1976) 60 Cal.App.3d 58, 67 [131 Cal.Rptr. 318].) Government

Code section 11513, subdivision (c) provides that in hearings subject to the California Administrative Procedures Act, "[h]earsay evidence may be used for the purpose of supplementing or explaining other evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objections in civil actions."

Appellants attack the testimony introduced by the District, and appear to take the position that only documentary evidence would be sufficient to support the finding that Ashton held a single job. ▮ The testimony of the school Superintendent Devereaux that all bus drivers are required to be licensed is, however, not subject to challenge as hearsay since Devereaux testified from his own knowledge and stated he had researched the job designation bus driver/custodian. (Evid. Code, § 801.) ▮ Moreover, not only did Devereaux testify that Ashton held a single job paid by one monthly paycheck, but Ashton in her pleadings referred to herself as a bus driver/custodian and introduced her payroll record which showed that she received a single paycheck. She also established by her own admission that she had at all times in her eleven years of service with the District driven a school bus as part of a single job which combined dual functions.

### Disposition

The judgment is affirmed. Each party is to bear its own costs on appeal.

Stone, P. J., and Abbe, J., concurred.