[No. A041377. First Dist., Div. Three. Apr. 24, 1989.]

JANE STEWART, Plaintiff and Respondent, v.
ACALANES UNION HIGH SCHOOL DISTRICT, Defendant and
Appellant.

COUNSEL

James A. Klinkner for Defendant and Appellant.

Priscilla Winslow and Winslow & Fassler for Plaintiff and Respondent.

OPINION

BARRY-DEAL, Acting P. J.—This case raises the issue of the authority of a California school district to suspend a school nurse, without prior notice and without pay, after her five-year preliminary health services credential issued by the State of California had expired. By her petition for writ of mandate, respondent Jane Stewart contended her suspension by appellant Acalanes Union High School District (District) violated Education Code section 44939.[1] She sought, inter alia, payment of her salary withheld from her from February 23, 1987, through March 16, 1987, the period of suspension during which she was uncredentialed for the position of school nurse. The trial court issued a peremptory writ of mandate granting the relief requested. The District appealed. We reverse.

---

[1] All further statutory references are to the Education Code unless otherwise indicated.

# I

### *Statutory Law Governing Terms and Conditions of School Nurse Credential*

Part 25 of the Education Code, section 44000 et seq., entitled "Employees," governs Stewart's rights and duties as an employee of a school district. Section 44002 of part 25 defines " 'credential' " as a document issued by the State Board of Education or the Commission for Teacher Preparation and Licensing, authorizing a person to engage in the service specified in the credential. Section 44006 defines " 'certificated person' " as one who holds one or more documents such as a certificate or a credential, which license the holder to engage in the school service designated in the document.

Section 44065 provides that school employees who perform the functions listed therein shall hold a valid teaching or service credential as designated in regulations adopted by the Commission on Teacher Credentialing. The functions listed include the "school health program." (§ 44065, subd. (7).) Section 44267.5[2] and pertinent code regulations set forth the minimum requirements for a services credential with a specialization in health for a school nurse (school nurse credential), including a "preliminary" credential, a "clear" credential, and a "professional" credential. The requirements for a clear or professional school nurse credential include one year of course work beyond the baccalaureate degree. (See Cal. Code Regs., tit. 5, § 80050, subd. (c).)

The preliminary credential, which was the credential held by Stewart, is valid for a five-year period only. (§§ 44251, subd. (a)(2), 44267.5, subd. (b)(1).) The California Code of Regulations, title 5, section 80490, subdivision (b), provides that a credential may be renewed at any time before it is to expire, provided that all renewal requirements are completed and submitted to the Commission on Teacher Credentialing before midnight on the expiration date of the credential to be renewed; subdivision (c) sets forth the procedures and requirements for renewal.

Section 45034 prohibits the drawing of a pay warrant in favor of any person employed in a position requiring certification qualifications, unless

---

[2] Section 44267.5 was added by Statutes 1982, chapter 996, section 1, pages 3632-3633, effective September 14, 1982. Prior to the effective date of section 44267.5, section 44267 governed the school nurse credential requirements.

such person is at the time a holder of a proper certification document in full force for the full time for which the warrant is drawn.

## II

### *Background Facts*

In 1980, Stewart was issued a school nurse preliminary credential, valid for the period from September 23, 1980, through October 1, 1985. The service credential document stated that the preliminary credential required completion of an approved fifth year of postbaccalaureate study. Under section 44267.5, Stewart's completion of the one year of study was a requirement for the clear as well as the professional credential.

Stewart was employed for five years by the District as a part-time school nurse. As of October 1, 1985, she had not completed the course work necessary to obtain a clear or professional credential and had not sought renewal of her preliminary credential. Her preliminary credential therefore expired on October 1, 1985, and was no longer valid after that date. Stewart did not inform the District of this fact. In February 1987, the District became apprised of the fact that Stewart did not hold the necessary credential for her position. By letter dated February 23, 1987, the District advised Stewart that she was suspended from employment effective immediately, without pay, due to the lack of a valid credential, and that the suspension would remain in effect until she presented a statement concerning possible reinstatement of her credential.

Stewart then sought reinstatement of her preliminary credential from the Commission on Teacher Credentialing. She ultimately obtained a one-year extension of her preliminary credential, effective from March 16, 1987, through April 1, 1988. She chose, however, not to return to her employment with the District and gave notice of her resignation, effective April 1, 1987.

In support of the petition for writ of mandate, Stewart asserted that her immediate suspension without pay violated section 44939, discussed *infra,* which pertains to the grounds for immediate suspension of certificated employees. The trial court agreed and issued the peremptory writ on this ground.

## III

### *Discussion*

■ Under the Education Code, upon the expiration of her preliminary credential in October 1985, Stewart no longer was authorized to perform the services of school nurse for which she was employed. (§§ 44002, 44065.) The District's continued employment of Stewart for services requiring a credential, after being apprised that she no longer held a valid credential, would have been contrary to law. For this reason, although not specifically provided for by the Education Code, her immediate suspension without pay pending reinstatement of her credential was proper. Section 45034, cited *ante,* in fact prohibited the District from drawing a pay warrant in favor of Stewart for her services as a school nurse when she held no valid credential.

Stewart relies on section 44939, which states the grounds for immediate suspension of a permanent employee, including charges of immoral conduct, conviction of a felony, or incompetency due to mental disability.[3] Stewart contends that because none of the grounds for immediate suspension listed in section 44939 were applicable to her case, immediate suspension without prior notice or opportunity for a hearing (§ 44934 et seq.) was improper.

This contention has no merit because section 44939 is not applicable to Stewart's suspension. That section is contained within chapter 4 of part 25 of the Education Code, entitled "Employment—Certificated Employees," which governs the rights and duties of " 'certificated,' " including credentialed, employees. Employees such as Stewart who held no valid credential do not fall within the class of employees whose employment is governed by the provisions of chapter 4. Holding the necessary credential or certificate is a prerequisite to the enjoyment of the rights and benefits under chapter 4,

---

[3] Section 44939 provides in part: "Upon the filing of written charges, duly signed and verified by the person filing them with the governing board of a school district, or upon a written statement of charges formulated by the governing board, charging a permanent employee of the district with immoral conduct, conviction of a felony or of any crime involving moral turpitude, with incompetency due to mental disability, with willful refusal to perform regular assignments without reasonable cause, as prescribed by reasonable rules and regulations of the employing school district, with violation of Section 51530, with knowing membership by the employee in the Communist Party or with violation of any provision in Sections 7001 to 7007, inclusive, the governing board may, if it deems such action necessary, immediately suspend the employee from his [or her] duties and give notice to [the employee] of his [or her] suspension, and that 30 days after service of the notice, [the employee] will be dismissed, unless he [or she] demands a hearing. . . ."

including the right to notice and an opportunity to be heard prior to suspension or dismissal, with limited exceptions.

Stewart also relies on section 45036; she contends that section provides for the payment of an employee's salary under the circumstances here where there has been a temporary lapse of the employee's credential.

We disagree. As stated previously, section 45034 prohibits the drawing of a pay warrant to an uncredentialed person employed in a position requiring a credential. Section 45036 provides that where such person has rendered services for a period while uncredentialed, the Commission for Teacher Preparation and Licensing may approve the issuance of a pay warrant for such past services, provided the person had the necessary qualifications for the credential when the services were rendered. Thus, by its express terms, section 45036 authorizes payment for *past* services rendered when certain conditions are met. Here, appellant did not seek payment for services already rendered while uncredentialed because the District evidently paid her for all services rendered up through the date of her suspension. The District was not required to continue her unlawful services after learning that she failed to hold a valid credential, and then seek approval for payment of those services pursuant to section 45036. Section 45036 accordingly offers Stewart no basis for relief.

Stewart finally relies on *Mass v. Board of Education* (1964) 61 Cal.2d 612 [39 Cal.Rptr. 739, 394 P.2d 579]. That case is inapposite to the circumstances here for several reasons. First, *Mass* predated the adoption of the current Education Code (Stats. 1976, ch. 1010, § 2, p. 2384 et seq.) and the specific statutes governing here. Second, *Mass* addressed the right of a teacher, unlawfully suspended (for reasons unrelated to his credential) and then reinstated, to recover backpay for the suspension period despite the lapse of his teacher's credential during a part of the suspension period. (*Mass, supra,* at p. 616.) Such circumstances are significantly different from those here. Stewart's credential lapsed long before her suspension, and the suspension was not unlawful, but based upon the lack of a valid credential.

IV

*Disposition*

The judgment issuing the peremptory writ of mandate is reversed. The cause is remanded to the trial court with directions to recall the peremptory

writ and deny the petition for writ of mandate. Respondent shall pay appellant's costs on appeal.

Merrill, J., and Strankman, J., concurred.

A petition for a rehearing was denied May 22, 1989.