[No. D018764. Fourth Dist., Div. One. Dec. 15, 1994.]

CHRISTIAN S. TUFFLI, Plaintiff and Appellant, v.
GOVERNING BOARD OF THE SAN DIEGO UNIFIED SCHOOL
DISTRICT et al., Defendants and Respondents.

COUNSEL

Knutson & Meyer and John S. Meyer for Plaintiff and Appellant.

Christina L. Dyer and Jose A. Gonzales for Defendants and Respondents.

OPINION

**HUFFMAN, J.**—Christian S. Tuffli appeals the judgment of the superior court denying his petition for writ of mandate which sought an order compelling the San Diego Unified School District (the District) to reinstate him with backpay to his former position as a teacher of handicapped pupils. Tuffli contends that his summary termination by the District pursuant to Education Code section 44836,[1] after he was convicted of a sex offense, was a violation of statutory and constitutional protections of his property interest in continued employment. He argues that any termination proceedings should have awaited the outcome of his appeal of his conviction, which resulted in a reversal of the conviction and the dismissal of the charges.

As we will explain, we conclude the District's summary dismissal of Tuffli after he was convicted of a sex offense was valid as long as his

---

[1] All statutory references are to the Education Code unless otherwise specified.

conviction had not yet been reversed on appeal. (§ 44836.) However, in light of the reversal of his conviction and the dismissal of the charges, there remains no basis for the continuing deprivation of his interest in continued employment, unless the District conducts a hearing on whether he should be discharged for cause, such as immoral conduct. (§ 44932 et seq.) Essentially, Tuffli's right to a hearing was revived upon the reversal of his conviction and the dismissal of the charges, which occurred May 28, 1992, and upon the reissuance of his teaching credential in July 1992. Section 44836 must be interpreted in a way to preserve its constitutionality, in the manner we have suggested. We accordingly reverse the judgment denying the petition for writ of mandate with directions that the trial court order the District to hold a hearing on cause for dismissal and, depending on the outcome of that hearing, to make a determination on the backpay issues in accordance with the principles expressed in this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Tuffli had taught at district schools for many years before he was charged on May 31, 1989, with committing sex offenses against one of his pupils, an 18-year-old girl with Down's syndrome who had a mental age of approximately 7½ years. Tuffli was placed on a compulsory leave of absence pursuant to section 44940, subdivision (d). His teaching credential was suspended by the State Commission on Teacher Credentialing (the Commission, not a party to this action) on November 22, 1989, pursuant to sections 44360, subdivision (e), and 44940, subdivision (d).

In his first trial, Tuffli was acquitted of some charges and a mistrial was declared as to other counts, due to the jury's inability to reach a verdict. He was then retried and convicted on September 20, 1990, of a single sex offense, oral copulation of an incompetent person (Pen. Code, § 288a, subd. (g)). He was sentenced to imprisonment for an upper term of eight years on November 16, 1990.

By letter dated November 19, 1990, Tuffli was notified by the District superintendent that his employment was terminated effective November 28, 1990, pursuant to section 44836. The letter stated that if Tuffli wished to present evidence that he remained eligible to continue his employment, he should contact the appropriate personnel officer. Tuffli did not request to present evidence as to why he should not be terminated. This termination was thus without a hearing. Tuffli later contended that he never received this letter, as he was already incarcerated. In January 1991, he was notified that his teaching credential was revoked under section 44425.

Tuffli appealed the conviction, and this court reversed the judgment on March 13, 1992, based on instructional error which created double jeopardy problems based on the two trials which were held. Pursuant to an amended stipulated settlement agreement, the charges were dismissed and Tuffli was released from custody. Tuffli withdrew a pending motion for bail and a pending petition for California Supreme Court review, and agreed not to bring any civil action against the County of San Diego or any witnesses who testified in the trials.

On July 22, 1992, Tuffli was advised by the Commission that his teaching credential was being reissued. He requested that the District reinstate him, but his request was denied.

Thereafter, Tuffli filed a petition for writ of mandate to set aside the District's action terminating him, and seeking reinstatement with backpay. (Code Civ. Proc., § 1085.) His contentions were (1) he should not have been dismissed until after the appeal from his conviction was resolved, (2) the District should have followed the dismissal procedures set forth in section 44940.5, subdivision (a) (extending his suspension to allow dismissal proceedings to take place), (3) he should be reinstated due to the reversal of his conviction, and (4) he was denied due process of law since the sole basis for the deprivation of his property rights in employment was a criminal conviction which was never final and which no longer existed. Tuffli amended his petition to add a cause of action for declaratory relief, contending (5) that if the District's actions were authorized by section 44836, that section is unconstitutional. No allegations were made against the Commission.

After argument of counsel, the superior court denied the writ, finding that the plain meaning of section 44836 was that termination immediately upon conviction was proper, although if the conviction were reversed on appeal, reinstatement was not prohibited. Although the court found that section 44930 et seq. governed any dismissal under the Education Code, adequate notice had in any case been given to Tuffli of his dismissal, based upon a presumption that the District had properly performed its duties. (Evid. Code, § 664.) That is, proper notice was provided Tuffli regarding his dismissal and his right to request a hearing, and there was no showing that a hearing was requested and denied, so that Tuffli was deemed to have waived his right to a hearing. The trial court then found no support for Tuffli's arguments that the procedures set forth in section 44940.5 (extending his suspension pending dismissal proceedings) had to be followed, or that he was entitled to backpay. The court found the District's action in terminating Tuffli was not premature, and the District was not required to reemploy him

once his conviction was reversed on appeal. The court allowed Tuffli to file supplemental points and authorities supporting his contention that the District had not complied with Education Code requirements for the dismissal process. Judgment was entered denying the petition and Tuffli timely appealed.

### DISCUSSION

We shall first set forth the circumstances under which section 44836 allows summary termination of a District employee upon a criminal conviction for sex offenses. We then discuss the effect that the reversal of Tuffli's conviction has upon those rules. Finally, we shall address, for the guidance of the trial court and the District, the issues of the scope of any hearing on a termination for cause and backpay.

### I

*Summary Termination Under Section 44836*

It is first necessary to outline the statutes to be discussed regarding these issues, both dismissal of a teacher and suspension of a credential. In pertinent part, section 44836 provides: "Governing boards of school districts *shall not employ or retain in employment persons in public school service who have been convicted,* or who have been convicted following a plea of nolo contendere to charges, *of any sex offense* as defined in Section 44010. . . . If, however, any such conviction is reversed and the person is acquitted of the offense in a new trial or the charges against him or her are dismissed, *this section does not prohibit his or her employment thereafter.*" (Italics added.)[2]

Section 44836 appears in article 2, "Employment," in chapter 4 of title 2, division 3 of the Education Code, entitled "Employment—Certificated Employees." Article 3 of the same chapter, section 44930 et seq., covers "Resignations, Dismissals, and Leaves of Absence." Specifically, section 44932 provides grounds for dismissals of permanent employees and their suspension, for cause such as immoral or unprofessional conduct or other malfeasance. (§ 44932, subd. (a)(1).) Section 44934 provides for the filing of written charges and notice of intention to dismiss or suspend an employee. Section 44936 requires service of a notice of dismissal or suspension, together with a copy of the charges filed.

---

[2] Section 44010, defining sex offense as used in sections 44836 and 44425 (dealing with suspension of a credential of a teacher charged with a sex offense), includes the charge of which Tuffli was convicted, Penal Code section 288a.

Section 44940 provides that whenever a certificated employee of a school district is charged with a mandatory leave of absence offense, such as a sex offense, the District shall immediately place the employee on compulsory leave of absence for a period of time extending not more than 10 days after the date of entry of judgment in the proceedings. The employee's teaching credential shall be automatically suspended for the same period of time. (§ 44940, subd. (d).) Section 44940.5, subdivision (a) then provides that a district may extend the compulsory leave of absence beyond the initial period set forth in section 44940, by giving notice to the employee after the criminal proceedings are concluded that the employee will be dismissed 30 days from the date of service of the notice, unless the employee demands a hearing.

Other relevant law we must set forth includes section 44425, providing for the revocation of a teacher's credential after conviction of sex or drug offenses.[3] Section 44425 specifically deals with conviction of sex or narcotic offenses as grounds for suspension of the credential forthwith upon the conviction of such an offense, with Commission action to revoke the credential then required when the conviction becomes final. However, if the conviction is reversed and the holder is acquitted of the offense in a new trial or the charges against him or her are dismissed, the suspension shall be terminated. It is specified that the Commission's action following such a conviction "may be taken after the time for appeal has elapsed, or the judgment of conviction has been affirmed on appeal [or upon the occurrence of certain probation-related events under Penal Code section 1203.4]."

Having set forth the relevant provisions, we are now required to explain the scope of section 44836, read together with the provisions for suspension or revocation of a teacher's credential (§§ 44940, 44425). ■ Statutes which have as their object the termination of a permanent employee's right of continued employment must be strictly construed. (*Hankla* v. *Governing Bd.* (1975) 46 Cal.App.3d 644, 649 [120 Cal.Rptr. 827].) Also, since we are dealing with a property interest in continued employment, constitutional considerations are implicated. (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 207 [124 Cal.Rptr. 14, 539 P.2d 774].) The rule is that statutes should be construed, if reasonably possible, to avoid a finding of unconstitutionality. (*Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 60 [195 P.2d 1].)

---

[3]Tuffli's credential was suspended under section 44425. A very similar section, section 44424, also lists a number of offenses allowing suspension of a credential, including section 288a, and provides that upon a teacher's conviction of such an offense, the Commission shall forthwith revoke such credential, upon the conviction becoming final. It is specified that the Commission's action following a conviction may be taken after the time for appeal has elapsed, or the judgment of conviction has been affirmed on appeal, together with other sections dealing with probation which do not apply here.

In *DiGenova* v. *State Board of Education* (*DiGenova*) (1955) 45 Cal.2d 255, 259-263 [288 P.2d 862], the Supreme Court interpreted a predecessor statute to section 44425 (former § 12756), which provided that a conviction of specified offenses required the state board to forthwith revoke the convicted teacher's credential when the conviction becomes final. The Supreme Court held the statute authorized revocation of a credential under those circumstances without a hearing, and that this constituted a ministerial action by the board, rather than quasi-judicial action in which a hearing would have been required. The Supreme Court then explained that the school board was justified in dismissing the convicted teacher once his credentials had been revoked, also without notice and hearing, because the school district was required to employ only persons who had appropriate credentials. (45 Cal.2d at p. 263.)

In *Morrison* v. *State Board of Education* (*Morrison*) (1969) 1 Cal.3d 214, 218-219, footnote 4 [82 Cal.Rptr. 175, 461 P.2d 375], the Supreme Court noted that the Education Code allows automatic dismissal of an employee upon conviction of certain sex crimes, without notice and hearing (relying on *DiGenova, supra,* 45 Cal.2d 255). In contrast, other sexual misconduct would result in discipline only after a hearing as to whether the misconduct was immoral, unprofessional, or involved moral turpitude, and thus implicated the fitness to teach. (*Morrison, supra,* 1 Cal.3d at p. 220.) To reach its conclusion that conviction of certain sex crimes entailed automatic dismissal, the Supreme Court in *Morrison* cited former section 13206, the predecessor section to section 44424. Both in current section 44424 and section 44425 (each of which deals with conviction of crime as grounds for revocation of a credential), the Legislature provided that "[a]ny action that the commission is permitted to take following a conviction may be taken after the time for appeal has elapsed, or the judgment of conviction has been affirmed on appeal [or in certain circumstances dealing with probation]." (§§ 44424, 44425.) Thus, the Supreme Court appears to assume that an automatic dismissal will take place after a credential is revoked upon a final conviction.

 The events in Tuffli's case did not follow the sequence laid out in *DiGenova, supra,* 45 Cal.2d 255, or in *Morrison, supra,* 1 Cal.3d 214, where the teacher's credential was revoked after a final conviction and the teacher could be summarily terminated, lacking a credential. The record shows that Tuffli's credential was suspended under section 44940, subdivision (d), when the charges were brought. Upon the conviction, it was then revoked pursuant to section 44425, but before the appeal was concluded. It thus appears that this action by the Commission was premature under section 44425, because the judgment of conviction had not yet been affirmed on appeal.

However, no issue of a premature revocation of Tuffli's credential was presented to the trial court or this court. This writ of mandate was brought only against the District and its superintendent, and did not make any allegations against the Commission. This record does not disclose that Tuffli ever challenged the Commission's revocation of his credential, by writ of mandate or other proceeding. In any case, his credential was restored by July 1992 action of the Commission, after the reversal of his conviction.

On this record, the District had no basis to dispute that Tuffli's credential had been revoked as of January 11, 1991. However, based on his conviction, it had already summarily terminated Tuffli by letter of November 19, 1990. Based on the timing of these events, it appears that the District's summary termination was unrelated to Tuffli's status as a credentialed employee.

To examine the adequacy of the conviction as the sole basis for the dismissal, we turn to *People* v. *Clapp* (1944) 67 Cal.App.2d 197, 200 [153 P.2d 758], where the court defined "conviction" as the verdict itself, as opposed to the judgment based upon the verdict. "A person has been convicted even though the judgment should be suspended during appeal [citation] . . . [a] judgment though not final may be proved for any purpose for which it is effectual. [Citations.]" (*Ibid.*)

In *Boyll* v. *State Personnel Board* (1983) 146 Cal.App.3d 1070, 1074 [194 Cal.Rptr. 717], the court stated that the "majority and better rule" is that a conviction includes both the guilty verdict or guilty plea and a judgment entered upon such verdict or plea.[4] It is not uncommon for convicted persons to lose their jobs (e.g., in the private sector) or suffer other hardships due to the convictions, even though their convictions may eventually be overturned on appeal. (See *Lubin* v. *Wilson* (1991) 232 Cal.App.3d 1422, 1428-1429 [284 Cal.Rptr. 70].) We conclude the term "conviction" as used in section 44836 does not include an implied qualifier, "that is affirmed on appeal."

The legislative history of section 44836 is consistent with our conclusions. A report on the bill which enacted this and other related sections, prepared by the Office of Legislative Counsel, dated April 4, 1952, explains that the

---

[4]In 44 Ops.Cal.Atty.Gen. 167, 170 (1964), section 44424 is interpreted as providing that a conviction is final when no appeal has been timely taken or when the appeal processes have been completed. However, similar language to that in section 44424 referring to a final conviction is not found in section 44836. In an opinion involving the forfeiture of public office, the Attorney General interpreted the term "conviction" as referring to a verdict or finding of guilt and trial court judgment, regardless of whether a right of appeal still existed. (57 Ops.Cal.Atty.Gen. 374, 377-380 (1974).)

term "conviction" used in the bill means plea or verdict of guilty or finding of guilt by the court, irrespective of a later withdrawal of the plea or vacation of conviction pursuant to probation completion under Penal Code section 1203.4. The report goes on to explain, "The effect of the definition is to require the denial or suspension of certification documents, or dismissal from employment, at the time the person is found or pleads guilty to the offense, thereby avoiding a possible interpretation of 'conviction' as meaning final conviction including termination of time for appeal." (Cal. Legis. Counsel, Rep. on Assem. Bill No. 31 (1952 Reg. Sess.) (Apr. 4, 1952) p. 2.) To the same effect is a legislative memorandum prepared by the Governor's Office stating that the bill defines "conviction" as meaning a plea or verdict of guilty or a finding of guilt by a court, "with provision for reinstatement if conviction is later reversed." (Governor's mem. to Leg. on Assem. Bill No. 31, dated Apr. 17, 1952.)

Based on the facts available to the District at the time Tuffli was convicted, and on the above authority, we conclude the District was justified in interpreting section 44836 as requiring it to summarily terminate Tuffli from employment. This state of affairs remained extant until 1992, when Tuffli's conviction was reversed and the charges were dismissed. Our next task is to decide what effect this reversal had upon an otherwise valid summary dismissal under section 44836.

## II

### Reversal of Conviction

Ordinarily, a permanent employee of the District is not subject to dismissal except for cause. (§ 44932, subd. (a).) ▪ An employee who is subject to dismissal only for cause has a property interest in continued employment which is entitled to constitutional protection. (*Mendoza v. Regents of University of California* (1978) 78 Cal.App.3d 168, 174-175 [144 Cal.Rptr. 117].) ▪ Tuffli's termination pursuant to statute, section 44836, must be examined in light of these constitutional rules.

In *Purifoy v. State Board of Education* (*Purifoy*) (1973) 30 Cal.App.3d 187, 190-195 [106 Cal.Rptr. 201], the court rejected a teacher's contention that he was entitled to a hearing on his fitness to teach before his credential was suspended on conviction of a sex offense. The court first noted that an individual may not be excluded by the state from any profession in a manner or for reasons in contravention of the due process or equal protection clause of the Fourteenth Amendment. (*Id.* at p. 190.) "The requirements of due

process, however, are not inflexible, but rather are dependent upon the nature of the governmental function involved and the private interest affected. [Citation.]" (*Ibid.*) The court noted that the conviction of the crime had been attained after a judicial hearing as to whether the defendant was guilty of the offense charged, and that this hearing satisfied the requirements of due process before his credential could be suspended or revoked. (*Id.* at p. 195.)[5]

In Tuffli's case, although he had two trials on the sex offense charges, there remains no valid conviction after the reversal pursuant to his appeal, and the subsequent dismissal of the charges. The invalidity of the judicial hearings he had has thus been established. While his summary dismissal was valid at the time, its validity depended on the supporting conviction. Now that that has been removed, we believe due process considerations require that a continuing deprivation of his property right to continued employment, after dismissal of the charges, be supported by procedural protections, which have not yet been afforded here. (*Mendoza* v. *Regents of University of California, supra,* 78 Cal.App.3d at pp. 174-175.) As in *Purifoy, supra,* 30 Cal.App.3d 187, the discipline sought to be imposed should be supported by a hearing on the sex offense charged. (See *Odlum* v. *Duffy* (1950) 35 Cal.2d 562 [219 P.2d 785] [reversal of a judgment leaves the proceeding as it was before the judgment of conviction].) We believe the requirements of due process must be flexible enough to accommodate this particular change in circumstances. (*Purifoy, supra,* 30 Cal.App.3d at p. 190.)

Upon the dismissal of the charges, Tuffli essentially became eligible once again for continued employment, and is entitled to the protections of dismissal for cause proceedings, since the predicate for his summary dismissal no longer exists. As we read current section 44836, on reversal of a conviction and acquittal in a new trial or dismissal of the charges, a district has discretion to reemploy the teacher thereafter, for a new term of employment. This procedure would be adequate to deal with a nonpermanent employee's employment rights; however, it does not suffice to protect a permanent employee's rights to continued employment, where no cause for dismissal has been found and the predicate for a summary dismissal no longer exists. Thus, Tuffli's case does not fit neatly into section 44836 and its reemployment provision, due to the reversal of his conviction, and the consequent lack of any continuing basis for his dismissal. Section 44836 must be interpreted to provide due process protections for those in Tuffli's situation.

Moreover, since Tuffli is now eligible for employment due to the reissuance of his credential, equal protection considerations require that he have a

---

[5]In *Purifoy, supra,* 30 Cal.App.3d 187, there was no issue as to any appeal by Purifoy of his criminal conviction.

hearing like other permanent employees charged with misconduct. (See *Purifoy, supra,* 30 Cal.App.3d at p. 195.) Here, the trial court's statement of decision found that section 44930 et seq. governed any dismissal under the Education Code. It then stated that adequate notice and opportunity for a hearing had been afforded by the summary termination letter. However, under the current circumstances, further proceedings are warranted to decide if, despite the lack of a conviction, the board desires to pursue subsequent dismissal proceedings for cause. (*Hankla* v. *Governing Bd., supra,* 46 Cal.App.3d at p. 651; *Board of Education* v. *Calderon* (1973) 35 Cal.App.3d 490, 493-497 [110 Cal.Rptr. 916].)

## III

### *Further Proceedings*

For the guidance of the trial court and the District, we outline the scope of the issues, including backpay, to be addressed by any further proceedings in this matter. As stated above, although the District was authorized to summarily dismiss Tuffli under section 44836, and that dismissal remained effective while his conviction remained existent during the appeals process, due process considerations require that when that conviction is reversed and the charges are dismissed, a hearing procedure take place to determine the status of Tuffli's revived interests in continued employment. Although the termination letter of November 19, 1990, was effective for the initial dismissal, it is not effective for the dismissal for cause proceedings, which must follow the procedures outlined in section 44932 et seq. (See *Board of Education* v. *Calderon, supra,* 35 Cal.App.3d at pp. 493-497.)

Depending on the outcome of any hearing on a dismissal for cause, backpay issues may become moot. If they do not, it should be taken as established by this record that Tuffli was ineligible for employment during the period that his credential was revoked, November 1989 through July 1992, and was also unavailable to teach until May 1992 due to his incarceration. Any backpay eligibility thus would begin only in the July 1992 time frame. (See *Unzueta* v. *Ocean View School Dist.* (1992) 6 Cal.App.4th 1689 [8 Cal.Rptr.2d 614].)

### DISPOSITION

The judgment is reversed with directions to grant the petition to the extent of requiring the District to conduct proceedings to determine if a dismissal

for cause is warranted, and to dispose of any backpay issues concerning the time period since Tuffli's credential was reissued.

Kremer, P. J., and Work, J., concurred.

Respondents' petition for review by the Supreme Court was denied March 16, 1995. Baxter, J., was of the opinion that the petition should be granted.