74 Cal.Rptr.2d 391 (1998)
63 Cal.App.4th 955
Michael Douglas SHIELDS, Plaintiff and Respondent,
v.
POWAY UNIFIED SCHOOL DISTRICT, Defendant and Appellant.
No. D026678.
Court of Appeal, Fourth District, Division One.
May 7, 1998.
Rehearing Denied May 28, 1998.
Review Denied July 22, 1998.[*]
*392 Atkinson, Andelson, Loya, Ruud & Romo, Brown and Conradi, Gerald A. Conradi, Clifford D. Weiler and Nicholas T. Calderon, San Diego, for Defendant and Appellant.
John L. Bukey, Corona, and Abhas Hajela as Amici Curiae on behalf of Defendant and Appellant.
James M. Gattey and Vicki L. Gilbreath, San Diego, for Plaintiff and Respondent.
Van Bourg, Weinberg, Roger & Rosenfeld and Stewart Weinberg, Oakland as Amici Curiae on behalf of Plaintiff and Respondent.
KREMER, Presiding Justice.
Poway Unified School District (District) appeals a judgment after the court granted Michael Douglas Shields's petition for writ of mandate setting aside District's resolution to terminate Shields from employment as a teacher based on the suspension of his teaching credential and requiring District to conduct a hearing in accordance with applicable provisions of the Education Code. District contends the statutory procedures to dismiss permanent certificated employees are not applicable to Shields who agreed to a long-term suspension of his teaching credential. District further contends the court erred in granting Shields's motions to strike exhibits *393 from District's answer, including evidence of the accusations that led to the suspension of Shields's credential. We conclude neither of these contentions has merit and accordingly affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
Shields worked for District as a classroom teacher since 1970. He held a standard teaching credential with specialization in secondary teaching and became a permanent tenured employee.[1] Effective March 3, 1995, Shields's teaching credential was suspended for ten years, four years actual and six years stayed, based on allegations of sexual misconduct by Shields as a teacher upon a student, threats against the victim and her family and directing the victim to lie about the misconduct. The suspension was the result of a settlement stipulation between Shields and the California Commission on Teacher Credentialing (Commission). Under the terms of that settlement, Shields's credential would be fully restored after the suspension period.[2]
On March 28, 1995, District informed Shields of its intention to terminate his employment due to the suspension of his credential as well as the allegations of misconduct. District also informed Shields that although there was cause to dismiss him, he was not entitled to a hearing under Education Code[3] sections 44934 et seq. because he no longer held a valid credential. Shields nevertheless requested a hearing under those sections. The request was denied and by resolution of its Board of Education, District terminated Shields's employment.
Shields then filed a petition for writ of mandate in the superior court under Code of Civil Procedure section 1085, seeking to have District's termination of him set aside and requiring District to conduct a hearing in accordance with applicable statutory requirements. The court granted the petition as well as Shields's motion to strike evidence of the accusations that led to the suspension of his credential.

DISCUSSION

I
The issue we must decide is what process, if any, is due before a permanent, tenured employee of a school district, whose teaching credential has been temporarily suspended, may be terminated from employment. We conclude the suspension of a teaching credential, voluntary or otherwise, does not automatically deprive an individual of the right to continued public employment nor does it relieve a school district from complying with the due process requirements of notice and the opportunity for a hearing embodied in the Education Code.
The Education Code sets forth the various terms and conditions of employment for school employees. Title 2, division 3, part 25 codifies the constitutionally based procedural due process requirements before a permanent employee of a school district can be terminated. Specifically, section 44932 provides a "permanent employee" shall not be dismissed except for one or more enumerated causes. (§ 44932, subd. (a)(1)-(11); Tuffli v. Governing Board (1994) 30 Cal.App.4th 1398, 1407, 36 Cal.Rptr.2d 433.) Any such "cause" must be established after adequate notice and opportunity for a hearing.[4] (§§ 44934, 44935, 44936, 44937, 44944.)
An employee who is subject to dismissal only for cause has a property interest in continued employment that is entitled to constitutional protection. (Mendoza v. Regents of University of California (1978) 78 Cal.App.3d 168, 174-175, 144 Cal.Rptr. 117; see also Shelly v. State Personnel Bd. (1975) 15 Cal.3d 194, 207, 124 Cal.Rptr. 14, 539 P.2d 774.) Thus, "[s]tatutes which have as their *394 object the termination of a permanent employee's right of continued employment must be strictly construed. [Citation.]" (Tuffli v. Governing Board, supra, 30 Cal.App.4th at p. 1404, 36 Cal.Rptr.2d 433.)
District contends Shields is not entitled to the statutory procedures for dismissal contained in section 44934 et seq. because he no longer possesses a valid teaching credential, making him ineligible for employment in any school district and subjecting him to summary dismissal.[5] Specifically, District asserts that without a valid credential, Shields is neither "permanent" nor an "employee." However, this argument puts the proverbial cart before the horse. Shields was employed since 1970 in a position requiring certification qualifications. (§ 13304, repealed, now § 44929.21, subd. (a).) Having met the requirements for certification and having obtained a credential, Shields possesses the qualifications prescribed by law. (§§ 44830, subd. (a), 44831.) Although Shields cannot presently provide any service for District requiring a valid credential (§§ 44330, 44355) nor can he be paid because his credential is not "in full force" (§ 45034) during the period of his suspension, his status as a permanent employee remains unaffected.
District further asserts Shields is not the "holder" of a "valid" credential. Section 44065, subdivision (a)(1) requires a classroom teacher to hold a valid teaching credential. "[A]ll credentials regularly issued are valid until revoked, suspended, or expired as provided by law." (§ 44355, subd. (a).) While an individual whose credentials are suspended cannot perform the duties of a classroom teacher during the period of suspension, that individual is still a permanent employee. The fact Shields was required to temporarily surrender his teaching credential during its suspension did not result in the relinquishment of his permanency or employment status.[6] (See Mass v. Board of Education (1964) 61 Cal.2d 612, 618-619, 39 Cal.Rptr. 739, 394 P.2d 579 [Education Code provisions implementing statewide system of certification do not condition tenure rights or status upon such certification].)
Contrary to District's position, Shields is not "disqualified" from employment, nor did he resign or abandon his position. Rather, his entitlement to perform the duties of a classroom teacher and receive pay has been suspended. The term "suspend" means to bar for a period from a privilege, office or position; to cause to stop for a period; to maintain in an undecided state or hold in abeyance; or to render ineffective temporarily under certain conditions. (American Heritage Diet. (1981) p. 1296.) Because Shields's lack of authorization to perform the duties of a classroom teacher and receive pay is temporary, he necessarily retains his status as a permanent employee. Upon expiration of the period of suspension, he is entitled to return to work, unless District terminates him for cause under the procedural requirements of the Education Code.
District cites section 44931 to support its claim the Legislature never intended to allow permanent employees who voluntarily leave employment to return to work after 39 months. However, that section allows certificated employees who, upon resignation, were classified as permanent, to maintain their status as permanent if reemployed within 39 months. Section 44931 is inapplicable here because Shields did not resign. The fact he agreed to the terms of his suspension, including its duration, has no bearing on whether he was a permanent employee entitled to a hearing under section 44934 et seq.
*395 The cases cited by District to support its position are not dispositive. In Stewart v. Acalanes Union High Sck. Dist. (1989) 209 Cal.App.3d 1142, 257 Cal.Rptr. 692, the issue on appeal was whether a school district could suspend Stewart, a school nurse, without prior notice and without pay, after she allowed her preliminary health services credential to expire. Upon expiration of Stewart's credential, the school district suspended her until she reinstated it. Instead of reinstatement, Stewart chose to resign and seek payment of her salary withheld from her during the period of suspension. The superior court granted the relief sought, finding the school district's immediate suspension without pay violated section 44939 (pertaining to grounds for immediate suspension of certificated employees). (Id. at p. 1145, 257 Cal.Rptr. 692.) The Court of Appeal disagreed, holding Stewart's immediate suspension without pay was proper pending reinstatement of her credential. (Id. at p. 1146, 257 Cal.Rptr. 692.) Here, in contrast, the issue was not Shields's suspension by District under section 44939, nor whether he should have been paid during that period, but rather his termination from employment without a hearing under the guise of a suspended credential.[7]
District's reliance on California School Employees Assn. v. Board of Trustees (1983) 144 Cal.App.3d 392, 192 Cal.Rptr. 633 (CSEA), is likewise unavailing. In that case, a school district bus driver, Fran Ashton, pleaded guilty to drunk driving and the Department of Motor Vehicles revoked her driver certificate for a period of three years. When the school district suspended her immediately without pay, Ashton demanded reinstatement and back pay as well as a hearing. At the conclusion of the hearing at which Ashton presented evidence, the school district ordered her dismissed. Ashton sought a writ of mandate challenging several of the school district's findings. (Id. at pp. 394-395, 192 Cal.Rptr. 633.)
On appeal, the court noted the school district's termination of Ashton's employment was not a disciplinary proceeding because without a school bus driver certificate, Ashton was simply not qualified to drive a school bus. (CSEA supra, 144 Cal.App.3d at p. 395, 192 Cal.Rptr. 633.) However, CSEA does not support District's argument because classified employees like Ashton are not regulated by a statute requiring dismissal for cause. (§§ 45116, 45302.) In any event, Ashton did receive the type of hearing Shields was denied.
In Tuffli v. Governing Board, supra, 30 Cal.App.4th 1398, 36 Cal.Rptr.2d 433, a teacher was convicted of a sex offense after which he was summarily terminated under section 44836 and his credential was revoked. His conviction was later reversed on appeal and the charges dismissed. Although Tuffli's credential was reissued, the school district refused to reinstate him. (Id. at pp. 1401-1402, 36 Cal.Rptr.2d 433.) Tuffli unsuccessfully sought a petition for writ of mandate. The trial court found the termination upon conviction was proper and the school district's reinstatement upon reversal was not required. (Id. at pp. 1402-1403, 36 Cal. Rptr.2d 433.)
On appeal, we reversed with directions to the trial court to grant the petition to the extent of requiring the district to conduct proceedings to determine if a dismissal for cause was warranted. (Tuffli v. Governing Board supra, 30 Cal.App.4th at pp. 1409-1410, 36 Cal.Rptr.2d 433.) Although we held the district was justified in summarily terminating Tuffli under section 44836 due to his conviction of a sex offense while that conviction remained valid, we further held "due process considerations require that a continuing deprivation of [Tuffli's] property right to continued employment, after dismissal of the charges, be supported by procedural protections, which have not yet been afforded here." (Id. at p. 1408, 36 Cal.Rptr.2d 433.)
*396 Contrary to District's assertion, Tuffli does not stand for the proposition that termination without a hearing is permitted where the individual does not hold a credential. Rather, as long as Shields is a permanent employee with a property right to continued employment, he is entitled to the procedural protections of section 44934 et seq.
In essence, District asks us to rewrite the Education Code to require permanent employees in certificated positions whose credentials have been temporarily suspended to be dismissed from employment without the opportunity for a hearing. We decline this invitation. "`If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' [Citations.]" (California Teachers Assn. v. San Diego Community College Dist. (1981) 28 Cal.3d 692, 698, 170 Cal.Rptr. 817, 621 P.2d 856.) "`It is a prime rule of construction that the legislative intent underlying a statute must be ascertained from its language; if the language is clear, there can be no room for interpretation, and effect must be given to its plain meaning. [Citations.] "An intent that finds no expression in the words of the statute cannot be found to exist. The courts may not speculate that the legislature meant something other than what it said. Nor may they rewrite a statute to make it express an intention not expressed therein.'" [Citation.]" (Mutual Life Ins. Co. v. City of Los Angeles (1990) 50 Cal.3d 402, 412, 267 Cal.Rptr. 589, 787 P.2d 996.)
Nowhere in the comprehensive statutory scheme pertaining to school district employees is permanency, with its attendant rights and duties, affected by a suspended credential. Had the Legislature intended a school district to ministerially terminate a permanent employee based solely on a suspended credential, it would have so provided. Shields's status as a permanent employee entitles him to the hearing he requested under section 44934 et seq.

II
District contends the court erred in granting Shields's motion to strike exhibits attached to its answer to the petition for writ of mandate. Those exhibits consisted of correspondence between the parties concerning Shields's termination as well as the allegations of misconduct that formed the basis for suspending Shields's credential.[8] District asserts this evidence was relevant to show it did not "summarily" terminate Shields but rather complied with pretermination rights outlined in Shelly v. State Personnel Bd, supra, 15 Cal.3d at page 215, 124 Cal.Rptr. 14, 539 P.2d 774.[9]
Shields's petition for writ of mandate sought to have District's termination of him set aside and to have District conduct a hearing under section 44934 et seq. The fact District provided Shields with a pretermination opportunity to respond had no bearing on whether Shields was entitled to the constitutional due process rights afforded a permanent tenured employee.
At the hearing on the motion, District again sought to introduce this evidence. In granting Shields's motion to strike evidence of the accusations against him, the court found that although the evidence may have some bearing on whether Shields may be terminated for cause under section 44932, it was irrelevant to whether he is entitled to a hearing. We agree that cause for termination was not a relevant consideration in the mandamus proceeding. Moreover, Commission, not District, is entitled to make a determination of "cause" based on evidence at an administrative hearing.

DISPOSITION
The judgment is affirmed.
BENKE and HALLER, JJ., concur.
NOTES
[*] Mosk, J., dissented.
[1] Shields also held an administrative service credential.
[2] We have taken judicial notice of the fact Commission later decided to terminate the six-year stay of the suspension. Thus, Shields's credential is suspended for the entire ten-year period.
[3] All statutory references are to the Education Code unless otherwise specified.
[4] Section 44836 provides certain specified grounds for which a school employee may be terminated without a hearing. That section is inapplicable here.
[5] In its amicus curiae brief, the Education Legal Alliance (ELA) joins in this argument. ELA also argues District was entitled to ministerially dismiss Shields under the authority of section 35160 which permits governing boards of school districts to "act in any manner which is not in conflict with or inconsistent with, or preempted by, any law and which is not in conflict with the purposes for which school districts are established." However, that section is unavailing. As we shall discuss, the ability of a school district to ministerially terminate a permanent employee such as Shields is inconsistent with and preempted by due process considerations.
[6] Indeed, according to the stipulated settlement with Commission, Shields was required, during the period of suspension, to obey "all statutes and regulations governing the credential holder." (Italics added.)
[7] District cites language from Stewart for the proposition that "[h]olding the necessary credential or certificate is a prerequisite to the enjoyment of the rights and benefits under chapter 4, including the right to notice and an opportunity to be heard prior to suspension or dismissal, with limited exceptions." (Stewart v. Acalanes Union High Sch. Dist., supra, 209 Cal.App.3d at pp. 1146-1147, 257 Cal.Rptr. 692.) However, as we previously discussed, Shields does "hold" a credential while Stewart was entirely uncredentialed, having allowed her preliminary credential to expire without completing the course work necessary to obtain a "clear or professional credential" or seeking to renew her preliminary one. (Id. at p. 1145, 257 Cal.Rptr. 692.)
[8] This evidence, including the allegations of misconduct against Shields, is part of the augmented record before us.
[9] District concedes this point is more academic than practical in the context of this proceeding. Nevertheless, District invites us to address the propriety and scope of submitting exhibits within mandamus proceedings. We decline to do so.