141 Cal.App.3d 795 (1983)
190 Cal. Rptr. 552
THE PEOPLE, Plaintiff and Respondent,
v.
ROBERT SETH HOLLAND, Defendant and Appellant.
Docket No. 42938.
Court of Appeals of California, Second District, Division Five.
April 11, 1983.
*796 COUNSEL
Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Richard Lennon, Deputy State Public Defender, for Defendant and Appellant.
George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Weisman and Edward T. Fogel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
HASTINGS, J.
This appeal concerns the retroactivity of the 1982 amendment to Penal Code section 487 (Stats. 1982, ch. 80, § 2 and ch. 375, § 1), which increased the threshold amount defining grand theft from $200 to $400. The statute was amended after the crime herein was committed, but did not take effect until January 1, 1983, when the judgment of conviction was not yet final. The issue here is which statute defines the crime: the one in effect at the time the crime was committed, or the amended statute. Appellant contends that he is entitled to the benefit of the amended statute, which in effect reduces his crime to a misdemeanor.

FACTS
Appellant has a long history of drug abuse. From January 11 to February 9, 1982, he was employed as a live-in caretaker for Harry Straitliff, an elderly stroke victim. During that period, appellant took nine pieces of sterling silver (and possibly other property) belonging to his employer. Appellant sold the silver to a dealer for $54, which he used to buy heroin and valium.
The silver was 31 years old, having been purchased at the time of the victim's marriage, and the pieces were worn from extensive use. The evidence presented at the preliminary hearing (primarily the testimony of silver retailer Leroy Hunt) was sufficient to establish that the value of the stolen pieces was in excess of $200, and the retail value, or replacement cost, was well over $400. The People, understandably, did not attempt to show that the value of the stolen pieces exceeded $400.
After his motion pursuant to Penal Code section 995 was denied, appellant pled nolo contendere to one count of grand theft. He was sentenced to the upper term of three years in state prison, with a one-year enhancement for a prior *797 felony conviction. Appellant does not challenge the validity of the plea itself, but urges us to reduce the crime for which he was convicted to a misdemeanor and resentence him accordingly.

DISCUSSION
Appellant relies primarily on In re Estrada (1965) 63 Cal.2d 740 [48 Cal. Rptr. 172, 408 P.2d 948], in which the Supreme Court held that "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." (63 Cal.2d at p. 748.) Estrada is inapplicable here, however, since the Legislature has specifically declared its intent that the amendment to Penal Code section 487 did not apply retroactively. Senate Bill No. 133 (chaptered as Stats. 1982, ch. 935) amended Penal Code section 496 (receiving stolen property) by increasing the minimum amount of property value required to make the crime punishable as a felony. Section 2 of chapter 935 addresses the retroactivity of the amendments to both section 487 and section 496 as follows: "The changes in monetary limits or amounts contained in this bill, Assembly Bill 1389 of the 1981-82 Regular Session of the Legislature, and Assembly Bill 629, which was enacted as Chapter 80 of the Statutes of 1982, shall apply only to offenses committed on or after January 1, 1983. It is the intent of the Legislature that the changes in these bills be given no retroactive effect." (Italics added.)
(1) The foregoing statute, enacted prior to the effective date of the amendment to Penal Code section 487, operates as a savings clause and makes it clear that the amendment is to apply prospectively only. Thus, the statute as amended is inapplicable to appellant.
The judgment of conviction is affirmed.
Stephens, Acting P.J., and Ashby, J., concurred.