116 Cal.Rptr.2d 256 (2002)
95 Cal.App.4th 1092
The PEOPLE, Plaintiff and Respondent,
v.
Andre Rene FLOYD, Defendant and Appellant.
No. F037295.
Court of Appeal, Fifth District.
February 1, 2002.
As Modified on Denial of Rehearing February 15, 2002.
Review Granted May 1, 2002.
*257 Conrad Petermann, under appointment by the Court of Appeal, Beverly Hills, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Stan Cross and Patrick J. Whalen, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

OPINION
BUCKLEY, Acting P.J.
Defendant Andre Rene Floyd was convicted on September 1, 2000, of illegally *258 possessing cocaine; allegations that he had suffered five prior felony convictions within the meaning of the three strikes law and had served five prior prison terms were found true. On November 7, 2000, the voters of California enacted by initiative Proposition 36, the Substance Abuse and Crime Prevention Act of 2000. Proposition 36 changed sentencing law so that a defendant convicted of a nonviolent drug possession offense is generally sentenced to probation rather than incarceration with the completion of a drug treatment program.[1] The initiative states that it is to become effective July 1, 2001. Defendant was sentenced on November 9, 2000, to a total term of 28 years to life imprisonment. He filed a notice of appeal on December 22, 2000; this appeal was pending in July 2001.
DeLong, supra, 93 Cal.App.4th 562, 113 Cal.Rptr.2d 385, held that Proposition 36 applies prospectively to convictions occurring on or after July 1, 2001, and that the term conviction as used therein includes both the guilty verdict or plea and the judgment pronounced thereon. Therefore, the initiative applies to otherwise qualifying defendants who had not yet been sentenced on or before July 1, 2001. (Id. at pp. 566-570,113 Cal.Rptr.2d 385.)
In the published portion of this opinion we address defendant's contention that DeLong's holding should be extended to include within Proposition 36's ambit otherwise qualifying defendants who were sentenced before July 1, 2001, but whose cases had not yet reached final disposition in the highest court authorized to review them. The majority has concluded that accepted principles of statutory interpretation require rejection of this position. Our reasoning may be summarized as follows: The initiative plainly states that it applies to individuals convicted on or after July 1, 2001, and that it is to be applied prospectively. Although the term "convicted" or "conviction" does not have a single fixed meaning, it is well established that one is convicted of a crime, at the latest, when judgment is pronounced and sentence imposed. Indeed, the proposition that one is not convicted of a crime until the judgment has been affirmed on appeal has been previously rejected numerous times. There is no evidence before us indicating that, in this instance, the drafters of the initiative or the voters intended the term "conviction" to include an implied qualifier "that is affirmed on appeal."[2]

DISCUSSION

I. Proposition 36 applies prospectively to convictions occurring on or after July 1, 2001.
"Construction of a statute is a question of law which appellate courts review de novo. [Citation.] Proper interpretation starts with the actual language of the statute." (American Nat. Ins. Co. v. *259 Low (2000) 84 Cal.App.4th 914, 923-924, 101 Cal.Rptr.2d 288.) DeLong, supra, 93 Cal.App.4th 562, 113 Cal.Rptr.2d 385 succinctly explains that under the express language of the initiative, Proposition 36 applies prospectively to convictions occurring on or after July 1, 2001. (Id. at p. 567, 113 Cal.Rptr.2d 385.) Subdivision (a) of Penal Code section 1210.1 provides, "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation." With respect to its effective date, section 8 of Proposition 36 states: "`Except as otherwise provided, the provisions of this act shall become effective July 1, 2001, and its provisions shall be applied prospectively. (Prop.36, § 8.)'" (DeLong, supra, 93 Cal.App.4th at p. 566, 113 Cal. Rptr.2d 385.) The phrase "[e]xcept as otherwise provided" in the sentence quoted above refers to the provisions of the initiative specifying that it applies to otherwise qualifying persons who were on parole or probation on the initiative's effective date. (See Pen.Code, § 1210.1, subd. (e)(3)(D) and § 3063.1, subd. (d)(3)(C).) It does not modify the latter part of the quoted sentence regarding the operative date of the initiative and its prospective application. Recently, In re Scoggins (2001) 94 Cal. App.4th 650, 114 Cal.Rptr.2d 508 and People v. Legault, supra, 95 Cal.App.4th 178, 115 Cal.Rptr.2d 352 followed DeLong's conclusion that Proposition 36 is to be applied prospectively without question.

II. Historically, the term "conviction" has been construed either in a narrow sense signifying entry of a guilty verdict (or plea) or it has been given a broader scope that includes both adjudication of guilt and the judgment pronounced thereon.
As appears in California case law, the terms "convicted" and "conviction" do not have a uniform or unambiguous meaning. Rather, the meaning of these terms depends upon the context in which the words are used. (Boyll v. State Personnel Board (1983) 146 Cal.App.3d 1070, 1073, 194 Cal. Rptr. 717; People v. Rhoads (1990) 221 Cal.App.3d 56, 60, 270 Cal.Rptr. 266.) One of two different definitions has generally been applied. Either the term is construed in a narrow sense signifying entry of a guilty verdict (or plea) or it is given a broader scope including both the adjudication of guilt and the judgment pronounced thereon. (People v. Rhoads, supra, 221 Cal.App.3d at p. 60, 270 Cal.Rptr. 266.) In People v. Martinez (1998) 62 Cal.App.4th 1454, 73 Cal.Rptr.2d 358, this court explained: "[I]n California, `. . . the word conviction is and has been used with various meanings. [Citation.]' [Citation.] Generally, conviction has been given one of two meanings. `The term "conviction" has been used in two different contexts, as constituting an adjudication of guilt and as constituting a final judgment of conviction from which an appeal may be taken.'" (Id. at p. 1460, 73 Cal.Rptr.2d 358.) Helena Rubenstein Internal v. Younger (1977) 71 Cal.App.3d 406, 139 Cal.Rptr. 473 contains an exhaustive exploration of the history and development of the word "conviction" in California and other jurisdictions supporting the proposition that the term has been given these two meanings. (Id. at pp. 413-418, 139 Cal.Rptr. 473.)
Generally speaking, the broader definition of the term has been adopted when construing statutes affecting the civil consequences of a conviction (see Boyll v. State Personnel Board, supra, 146 Cal. App.3d at pp. 1073-1076, 194 Cal.Rptr. 717; Helena Rubenstein Internal v. Younger, supra, 71 Cal.App.3d at p. 421, 139 Cal.Rptr. 473; Truchon v. Toomey *260 (1953) 116 Cal.App.2d 736, 744, 254 P.2d 638), while the narrower definition has been applied to penal statutes. People v. Castello (1998) 65 Cal.App.4th 1242, 77 Cal.Rptr.2d 314 baldly states that "[t]he ordinary legal meaning of `conviction' is a verdict of guilty or the confession of the defendant in open court, and not the sentence or judgment" (id. at p. 1253, 77 Cal.Rptr.2d 314), and that that the term "conviction is used throughout the Penal Code to indicate the jury verdict." (Id. at p. 1254, 77 Cal.Rptr.2d 314.) In People v. Rosbury (1997) 15 Cal.4th 206, 210, 61 Cal.Rptr.2d 635, 932 P.2d 207, our Supreme Court adopted the narrower definition of the term for purposes of the three strikes law and in People v. Banks (1959) 53 Cal.2d 370 at page 391, 1 Cal.Rptr. 669, 348 P.2d 102, it held that for the purpose of determining if the defendant had acquired the status of a person convicted of a felony, one is "convicted" when a verdict is entered. This court has also concluded that for impeachment purposes, the word "conviction" as used in the Evidence Code refers to an adjudication of guilt. (People v. Martinez, supra, 62 Cal.App.4th at pp. 1460-1463, 73 Cal.Rptr.2d 358.)

III DeLong correctly interpreted the word "conviction" as requiring both adjudication of guilt and imposition of sentence.
It is a generally accepted principle that when construing the language of a penal statute that is reasonably susceptible to two or more different interpretations, the construction that is more favorable to the defendant will ordinarily be adopted if it is not inconsistent with the aims of the statute. (People v. Alday (1973) 10 Cal.3d 392, 394, 110 Cal.Rptr. 617, 515 P.2d 1169; People v. Coelho (2001) 89 Cal.App.4th 861, 885, 107 Cal.Rptr.2d 729.)
We agree with DeLong, supra, 93 Cal. App.4th 562, 113 Cal.Rptr.2d 385 that, unlike the majority of penal statutes, the broader definition of the word "conviction" as referencing both adjudication of guilt and pronouncement of judgment should be applied to Proposition 36. DeLong's analysis is thorough and well-reasoned. Furthermore, Proposition 36 is an ameliorative sentencing statute that has no relevance to the proceedings until after the verdict has been entered. Since it does not affect the burden of proof, elements of the charged offense, or the conduct of trial, the People will not be prejudiced by applying this initiative to defendants who were not sentenced before its effective date.

IV. DeLong should not be extended to include persons who were sentenced before July 1, 2001; the term "conviction" does not include an implied qualifier "and affirmed on appeal."
We now turn to the heart of the issue before us: should the definition of the term "conviction" as used in Proposition 36 be expanded to include cases in which sentence was pronounced prior to July 1, 2001, and from which appeal was taken? In a word, no. Such a conclusion would run directly counter to a long line of authority rejecting the proposition that one is not convicted of a crime until the judgment has been affirmed on appeal. (McKannay v. Horton (1907) 151 Cal. 711, 718-722, 91 P. 598; People v. Clapp (1944) 67 Cal.App.2d 197, 200, 153 P.2d 758; In re Morehead (1951) 107 Cal.App.2d 346, 350, 237 P.2d 335, overruled in part on another ground in Thurmond v. Superior Court (1957) 49 Cal.2d 17, 21, 314 P.2d 6; Tuffli v. Governing Board (1994) 30 Cal. App.4th 1398, 1406, 36 Cal.Rptr.2d 433.) There is no evidence supporting the proposition that the drafters of this initiative and voters of the State of California intended *261 to give the word "conviction" a more expansive meaning than historically has been applied to the term.
First, in McKannay v. Horton, supra, 151 Cal. 711, 91 P. 598, our Supreme Court held that appellant had been convicted of a felony within the meaning of a charter provision providing for removal from office even though an appeal of the judgment and sentence was pending. (Id. at pp. 718-722, 91 P. 598.)
Next, in People v. Clapp, supra, 67 Cal. App.2d 197, 153 P.2d 758, defendant argued that he had not been convicted of a prior offense at the time he was tried on a later charge because his judgment of conviction in the former case was on appeal. This argument was squarely rejected:
"The jury, or the court where a jury has been waived, convicts the accused. (Pen.Code, §§ 689, 1157.) Conviction does not mean the judgment based upon the verdict, but it is the verdict itself. [Citation.] It is the ascertainment of guilt by the trial court. [Citation.] A person has been convicted even though the judgment should be suspended during the appeal [citation] or while the convict is on probation." (67 Cal.App.2d at p. 200,153 P.2d 758.)
Later, In re Morehead, supra, 107 Cal. App.2d 346, 237 P.2d 335 bluntly stated that the term conviction does not "mean a final determination of guilt after an appeal has been taken." (Id. at p. 350, 237 P.2d 335.)
Finally, Tuffli v. Governing Board, supra, 30 Cal.App.4th 1398, 36 Cal.Rptr.2d 433 determined that the summary dismissal of a teacher after he was convicted of a sex offense was valid until the judgment was reversed on appeal, reasoning that "the term `conviction' as used in [Education Code] section 44836 does not include an implied qualifier, `that is affirmed on appeal.'" (Id. at p. 1406, 36 Cal.Rptr.2d 433.)
Research reveals only one case, In re Sonia G. (1984) 158 Cal.App.3d 18, 204 Cal.Rptr. 498 (Sonia G), in which the term "conviction" was held to refer only to judgments that had been affirmed on appeal. Sonia G. held that the state must await affirmance of a parent's criminal conviction before initiating a proceeding to terminate parental rights. The court concluded that the term "conviction" references entry of judgment and that a judgment is not final if it can be set aside. Therefore, the term "conviction" as used in the applicable statute references judgments that have been affirmed on appeal. (Id. at p. 23, 204 Cal.Rptr. 498.) We do not find Sonia G. persuasive on this point. Sonia G. did not cite any cases directly supporting its definition of the term "conviction" as requiring affirmance on appeal. Furthermore, it cited only one case, Stephens v. Toomey (1959) 51 Cal.2d 864, 869, 338 P.2d 182 (Stephens), in support of the proposition that a judgment is not final if there remains a legal means to set it aside, typically by way of an appeal. (Sonia G., supra, 158 Cal.App.3d at p. 22, 204 Cal.Rptr. 498.) Sonia G. failed to mention that Stephens did not hold that a judgment must be affirmed on appeal to constitute a conviction; it only determined that where criminal proceedings against the petitioner were suspended during a period of probation and the "judgment may or may not become final depending upon the outcome of the probation proceedings," the petitioner may register as an elector. (Stephens, supra, 51 Cal.2d at p. 875, 338 P.2d 182.) The Stephens court took pains to point out that if probation were revoked, "[t]he judgment would then be final and the constitutional provision fully effective." (Ibid.) Thus, Stephens does not support the proposition that one is not "convicted" *262 until the judgment and sentence is affirmed on appeal.
Therefore, we conclude that the term "conviction" as used in Proposition 36 does not include the implied amplifier "and affirmed on appeal." Defendant was convicted on December 9, 2000, the date on which he was sentenced. Because his conviction preceded the operative date of Proposition 36, he does not fall within the ambit of the initiative.

V. The dissent's position is contrary to the intent of the voters as expressed in the actual language of Proposition 36.
The dissent relies on the principle explained in In re Estrada (1965) 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 (Estrada) and People v. Nasalga (1996) 12 Cal.4th 784, 50 Cal.Rptr.2d 88, 910 P.2d 1380 (Nasalga) that where a statute mitigates punishment for an offense and there is no saving clause, the amendment will operate retroactively so that the lighter punishment is imposed. In determining whether the statute should be applied retroactively, legislative intent is the paramount consideration. (Nasalga, supra, 12 Cal.4th at p. 792, 50 Cal.Rptr.2d 88, 910 P.2d 1380; In re Pedro T. (1994) 8 Cal.4th 1041, 1049, 36 Cal.Rptr.2d 74, 884 P.2d 1022.)
We believe the dissent has disregarded the proviso in both Nasalga and Estrada that this general rule is to be applied only if there is no saving clause or its equivalent. (Nasalga, supra, 12 Cal.4th at p. 792, 50 Cal.Rptr.2d 88, 910 P.2d 1380; Estrada, supra, 63 Cal.2d at p. 748, 48 Cal.Rptr. 172, 408 P.2d 948.) Here, Proposition 36 states that it is to be effective on July 1, 2001, and that it is to be applied prospectively. This clearly expresses an intent in favor of prospective application of the initiative. The express language of the initiative overcomes any generally applicable presumption in favor of retroactivity.
We are not the first court to have rejected the line of argument advanced by the dissent. DeLong, supra, 93 Cal.App.4th 562, 113 Cal.Rptr.2d 385 also found Estrada inapplicable for the same reason explained above, writing:
"The rule `in Estrada, of course, is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express savings clause or its equivalent. [Fn. omitted.]' (People v. Nasalga, supra, 12 Cal.4th at p. 793 [50 Cal.Rptr.2d 88, 910 P.2d 1380].)
"Here, we have no occasion to construe whether Proposition 36 was intended to apply prospectively or retroactively because section 8 thereof expressly provides that the initiative applies prospectively, effective July 1, 2001." (DeLong, supra 93 Cal. App.4th at p. 567, 113 Cal.Rptr.2d 385.)
Likewise, in People v. Legault, supra, 95 Cal.App.4th 178, 115 Cal.Rptr.2d 352, the appellate court concluded that the rule of lenity did not apply to Proposition 36 because the Legislature had clearly signaled its intent to make the amendment prospective by providing for a July 1, 2001, effective date and prospective application of its sentencing provisions. It wrote: "To invoke the statute to grant defendant probation and drug treatment . . . would be tantamount to giving the statute retroactive effect since defendant committed the offense, pled guilty and was sentenced before the July 1, 2001 sentencing date." (Id. at p. 181,115 Cal.Rptr.2d 352.)
The dissent also relies on People v. Rossi (1976) 18 Cal.3d 295, 134 Cal.Rptr. 64, 555 P.2d 1313 and People v. Trippet (1997) *263 56 Cal.App.4th 1532, 66 Cal.Rptr.2d 559. We find neither of these cases comparable. The inherent fallacy in analogizing the instant case to those situations is that it treats Proposition 36 as a decriminalization of drug possession. In both Rossi and Trippet, the very conduct giving rise to the prosecution was no longer deemed criminal. In Rossi, oral copulation had been decriminalized and in Trippet, an absolute defense to the charged offense had been created by statute. Rossi, supra, 18 Cal.3d at page 304, 134 Cal.Rptr. 64, 555 P.2d 1313 explains, "`when the legislature repeals a criminal statute or otherwise removes the State's condemnation from conduct that was formerly deemed criminal, this action requires the dismissal of a pending criminal proceeding charging such conduct.'" Unlike Rossi and Trippet, Proposition 36 did not remove society's condemnation of and proscription against illegal drug possession nor did it create an additional defense to the charged misconduct. Proposition 36 cannot reasonably be interpreted as a decriminalization of the act of possessing illegal drugs. Defendant is not currently incarcerated for an act that is no longer deemed criminal; he was not denied an opportunity to assert an absolute defense to the charged conduct. Passage of this initiative did not alter the inherent criminality of the conduct for which defendant is being punished.
Furthermore, In re Scoggins, supra, 94 Cal.App.4th 650, 114 Cal.Rptr.2d 508, is not relevant to this discussion because the appellant had not been sentenced prior to the passage of the act. Scoggins simply followed and applied DeLong; it did not extend its holding. (Id. at pp. 657-658, 114 Cal.Rptr.2d 508.) Nowhere within Scoggins did the court reference the rule of lenity or doctrine of abatement or otherwise conclude that Proposition 36 should be applied retroactively.
We believe also that the dissent is unpersuasive because there is no evidence whatsoever supporting its conclusion that in passing Proposition 36 the voters of California intended felons currently serving terms of imprisonment for drug offenses committed long ago to be summarily released from prison merely because of the fortuitous happenstance that the judgment and sentence had not yet been affirmed on appeal. Absent evidence that the voters intended such a result, and in face of clear evidence that the voters intended the proposition to be applied prospectively, we must reject the dissent's interpretation of the initiative.

VI. Sentencing defendant under the law in effect at the time of his conviction does not violate his right to equal protection of the law.
As explained above, Proposition 36 applies prospectively to convictions occurring on or after July 1, 2001. Defendant does not fall within the ambit of this initiative because he was convicted before its effective date. Thus, defendant is not similarly situated to the class of individuals who were convicted after the initiative's effective date. It is established that "[t]he constitutional guarantee of equal protection does not mandate uniform operation of the law with respect to different persons or classes." (People v. Heard (1993) 18 Cal.App.4th 1025, 1029-1030, 22 Cal. Rptr.2d 684.) The Legislature is not compelled to give sentencing changes retroactive effect. (Talley v. Municipal Court (1978) 87 Cal.App.3d 109, 114, 150 Cal. Rptr. 743.) The initiative's effective date was delayed until July 1, 2001, to allow the state time to establish a sufficient number of drug treatment programs available to receive eligible defendants. (DeLong, supra, 93 Cal.App.4th at p. 569, 113 Cal. Rptr.2d 385.) Prospective application of the initiative helps ensure that the transition will be orderly and effective and reduces the risk that existing drug treatment programs will be overloaded. This is quite *264 reasonable and rational. Accordingly, we conclude that prospective application of Proposition 36 does not violate defendant's equal protection guarantee. (Talley v. Municipal Court, supra, 87 Cal.App.3d at pp. 114-116, 150 Cal.Rptr. 743.)

VII. Defendant's sentence is not cruel and/or unusual punishment and does not violate his right to equal protection of the law.[**]

DISPOSITION
The judgment is modified to reverse the findings on the three section 667.5, subdivision (b) enhancements and to strike the three one-year terms imposed for these enhancements. The judgment as modified is affirmed. The trial court is directed to amend the abstract of judgment to reflect this modification of defendant's sentence and to forward a certified copy of the amended abstract to the Department of Corrections.
I CONCUR: LEVY, J.
Dissenting Opinion by CORNELL, J.
I respectfully dissent. Established authority dictates a result contrary to that reached by the majority. The majority does not (1) address the doctrine of abatement, (2) apply the rule of lenity, (3) adhere to well-established rules of statutory construction, and (4) analyze In re Scoggins, supra, 94 Cal.App.4th 650, 114 Cal. Rptr.2d 508.
Although the majority admits that Proposition 36 is an ameliorative statute (maj. opn. p. 260), they do not analyze the language of section 8 in light of the doctrine of abatement and the rule of lenity. Also, under the analysis of section 8 adopted by the majority (maj.opn. p. 259), section 8 is mere surplusage if it refers only to specific provisions of statutes adopted as part of Proposition 36, because those specific provisions already dictate their application to defendants whose convictions predate July 1, 2001. (See Pen.Code,[1] § 1210.1, subd. (e)(3)(D) and § 3063.1, subd. (d)(3)(C).) Moreover, the majority's analysis of the term "conviction" does not take into account the stated intent of the drafters of the initiative, which failure violates a cardinal rule of statutory interpretation. Finally, the majority fail to reconcile In re Scoggins, supra, 94 Cal.App.4th 650, 114 Cal.Rptr.2d 508, which holds that Proposition 36 applies to defendants whose conviction and initial sentencing under a deferred entry of judgment predate July 1, 2001, with their holding.

Analysis
On November 7, 2000, the people of California enacted by initiative Proposition 36, the Substance Abuse and Crime Prevention Act of 2000. Proposition 36, embodied in part in section 1210.1,[2] provides notwithstanding any other provision of law, a person convicted of a nonviolent drug possession offense shall receive probation *265 and shall be required to participate in and complete an appropriate drug treatment program. (§ 1210.1, subd. (a)[3].) A portion of the Argument in Favor of Proposition 36 (Official Voter Information Guide for the 2000 General Election, p. 26.)[4] states that "nonviolent drug offenders convicted for the first or second time after 7/1/2001, will get mandatory, courtsupervised, treatment instead of jail." Section 8, an uncodified provision[5] of the initiative, states: "Except as otherwise provided, the provisions of this act shall become effective July 1, 2001, and its provisions shall be applied prospectively."[6] (Guide, supra, at p. 69.)
The majority has interpreted and applied this plus section incorrectly.
The majority does not apply the well established rules of statutory construction. When construing a statute, we must ascertain the intent of the drafters so as to effectuate the purpose of the law. (Preston v. State Bd. of Equalization (2001) 25 Cal.4th 197, 213, 105 Cal.Rptr.2d 407, 19 P.3d 1148.) If the language of the statute is clear and unambiguous, then we need look no further. If not, then we resort to extrinsic sources, such as legislative history. (Ibid.) Legislative materials aid in the construction of a statute only when the words of the statute are unclear. (People v. Snook (1997) 16 Cal.4th 1210, 1219, 69 Cal.Rptr.2d 615, 947 P.2d 808.) Statements in a ballot pamphlet may constitute *266 legislative history. (See People v. Anderson (1987) 43 Cal.3d 1104, 1143, 240 Cal.Rptr. 585, 742 P.2d 1306, Craig v. Municipal Court (1979) 100 Cal.App.3d 69, 77, 161 Cal.Rptr. 19.) However, legislative declarations of a statute's meaning are neither binding nor conclusive in construing a statute because the interpretation of a statute is an exercise of the judicial power assigned to the courts. (Western Security Bank v. Superior Court (1997) 15 Cal.4th 232, 244, 62 Cal.Rptr.2d 243, 933 P.2d 507.)
The majority does not address and consider the doctrine of abatement. When a criminal statute lessening punishment for an offense is amended, the general rule is that the doctrine of abatement applies. Under the doctrine of abatement, the amended statute controls as to all convictions not yet final as of the amended statute's effective date. (People v. Nasalga (1996) 12 Cal.4th 784, 790, 50 Cal.Rptr.2d 88, 910 P.2d 1380.)
The doctrine applies when: (1) a statute describing an offense or punishment is amended; (2) the amendment lessens the punishment for the offense; and (3) there is an intent that the amended statute be applied to pending cases. When the doctrine of abatement applies, a sentence imposed under the old statute is considered unauthorized, thus, the issue of abatement may be raised for the first time on appeal. (People v. Nasalga, supra, 12 Cal.4th at p. 789, fn. 4, 50 Cal.Rptr.2d 88, 910 P.2d 1380; People v. Roman (2001) 92 Cal. App.4th 141, 111 Cal.Rptr.2d 553.)
When the rules of statutory construction are applied in conjunction with the doctrine of abatement, a different result from that reached by the majority is dictated, as set forth, post.
Measures adopted through the initiative process are subject to the ordinary rules and canons of statutory construction. (Evangelatos v. Superior Court (1988) 44 Cal.3d 1188, 1212, 246 Cal.Rptr. 629, 753 P.2d 585.) Whether a ballot initiative is to apply to pending cases is, in part, a question of statutory interpretation. (Herniosa Beach Stop Oil Coalition v. City of Hermosa Beach (2001) 86 Cal.App.4th 534, 548, 103 Cal.Rptr.2d 447.) Section 8 of the initiative measure adopted as Proposition 36 clearly states that it applies "prospectively." However, there is no indication in the proposition itself, or in the language of the statute, as to whether "prospective" application includes application to cases not yet final as of the effective date of the initiative, or whether such cases are excluded from the initiative measure. A statute is not applied retrospectively merely because it is applied in cases where the conduct antedates the statute's enactment or upsets expectations based on prior law. (Hermosa Beach Stop Oil Coalition v. City of Hermosa Beach, supra, 86 Cal.App.4th at p. 550, 103 Cal.Rptr.2d 447.)
In criminal law, the general rule is that convictions should be tested on appeal under the law then applicable, not the law prevailing at the time of trial. (People v. Welch (1999) 20 Cal.4th 701, 732 & fn. 4, 85 Cal.Rptr.2d 203, 976 P.2d 754.) Another general rule is that penal statutes are to be construed as favorably to defendants as their language and circumstances permit. (See e.g., Keeler v. Superior Court (1970) 2 Cal.3d 619, 631, 87 Cal.Rptr. 481, 470 P.2d 617.) However, a statute which makes more burdensome the punishment for a crime, after its commission, cannot be applied to pending cases without violating the ex post facto clauses of the state and federal Constitutions. (U.S. Const., art. 1, § 9; Cal. Const., art. 1, § 9; People v. Davis (1994) 7 Cal.4th 797, 811, 30 Cal. Rptr.2d 50, 872 P.2d 591.)
Under principles of common law, a statute mitigating or eliminating punishment applied to acts committed before the statute's *267 effective date as long as no final judgment had been rendered. (People v. Rossi (1976) 18 Cal.3d 295, 298, 134 Cal. Rptr. 64, 555 P.2d 1313.) A judgment is not final until the appellate court affirms the conviction and judgment. (Id. at p. 302, 134 Cal.Rptr. 64, 555 P.2d 1313.) The California Supreme Court in In re Pedro T. (1994) 8 Cal.4th 1041, 36 Cal.Rptr.2d 74, 884 P.2d 1022 concluded that a conviction was not final until the time period for filing a petition for writ of certiorari had passed. (Id. at p. 1046, 36 Cal.Rptr.2d 74, 884 P.2d 1022.)
Neither Government Code section 9608[7] nor section 3[8] abrogate the common law rule that a defendant is entitled to the benefit of a mitigation of punishment adopted before his conviction becomes final. (People v. Rossi, supra, 18 Cal.3d at p. 298, 134 Cal.Rptr. 64, 555 P.2d 1313.) In Rossi, the defendant engaged in consensual acts of oral copulation, which were criminal at the time committed and the conviction rendered. While the matter was on appeal, the statute was amended and the acts were no longer proscribed. Rossi concluded that the common law principles apply a fortiori when criminal sanctions have been completely repealed before a conviction is final. (Id. at p. 301, 134 Cal.Rptr. 64, 555 P.2d 1313.)
Likewise in People v. Trippet (1997) 56 Cal.App.4th 1532, 66 Cal.Rptr.2d 559, the appellate court applied the holding of Rossi to an appellant who had been convicted of possessing and transporting marijuana and who had appealed that conviction prior to passage of Proposition 215, the medical marijuana initiative. The court in Trippet concluded that although the initiative measure was passed by the voters and became effective while the defendant's conviction was on appeal, in the absence of an express savings clause, the ameliorative provisions of the initiative were to be applied to those whose convictions were not final because of the pendency of an appeal. (56 Cal.App.4th at pp. 1536-1537, 66 Cal. Rptr.2d 559.)
The seminal case of In re Estrada (1965) 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948, relied upon by both parties, states:
"There is one consideration of paramount importance. It leads inevitably to the conclusion that the Legislature must have intended, and by necessary implication provided, that the amendatory statute should prevail. When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant is not final.... ." (Id. at pp. 744-745, 48 Cal. Rptr. 172, 408 P.2d 948.)
*268 The rule set forth in Estrada is considered to be one of "limited retroactivity" which applies unless there is an express clause that limits application of the amendatory statute to offenses that are committed after the effective date. (People v. Nasalga, supra, 12 Cal.4th at pp. 792-793, 50 Cal.Rptr.2d 88, 910 P.2d 1380; see 1 Witkin & Epstein, Cal.Criminal Law (3d ed. 2000) Introduction to Crimes § 34, p. 65.) The term "limited retroactivity" would appear to be a misnomer, as application of a change in law to cases where the conviction is not final is not a retroactive application under section 3.
Neither the common law rule nor the principle set forth in Estrada applies, however, when there is an express provision to the contrary. (In re Estrada, supra, 63 Cal.2d at p. 747, 48 Cal.Rptr. 172, 408 P.2d 948.) Language found to abrogate the common law rule generally must be specific. In People v. Holland (1983) 141 Cal. App.3d 795, 190 Cal.Rptr. 552, amendments to section 487 and 496 were held not to apply to pending appeals because the legislation specifically provided that it "`shall apply only to offenses committed on or after'" a specific date. (Id. at p. 797, 190 Cal.Rptr. 552.) In People v. Superior Court (Martin) (1982) 132 Cal. App.3d 658, 183 Cal.Rptr. 563, the legislation modifying the mentally disordered sex offender statutes specifically provided that "`provisions of the bill shall not be construed to affect any person under commitment prior to the effective date of the bill'" (Id. at p. 663, 183 Cal.Rptr. 563.) The case of Talley v. Municipal Court (1978) 87 Cal.App.3d 109, 150 Cal.Rptr. 743 held that the common law rule did not apply when the legislation was not penal in nature, stating that revocation or suspension of a driver's license was not penal in nature. In addition, the statute in issue contained an express statement that it applied only to offenses committed after a date certain. (Id, at p. 113-114, 150 Cal. Rptr. 743.)
There is no language, specific or otherwise, in the codified portions of Proposition 36 that in any way limits application of the ameliorative provisions to defendants who are convicted after July 1, 2001.
Moreover, the United States Supreme Court has determined that a change in the law is to be applied to pending cases "in the absence of clear legislative direction to the contrary." (Bradley v. Richmond School Board (1974) 416 U.S. 696, 715, 94 S.Ct. 2006, 40 L.Ed.2d 476.) Exceptions to the general rule that changes in law are to be applied to pending cases are to be invoked only to prevent manifest injustice. (Id. at p. 716, 94 S.Ct. 2006.) That court also has determined that language stating that provisions of a statute will "`take effect upon enactment'" shall be construed to mean that a court shall evaluate the provisions of the statute in light of ordinary judicial principles concerning the application of changes in the law to pending cases. (Landgraf v. USI Film Products (1994) 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229.)
Regardless, the absence or presence of a saving clause is not dispositive and does not end the inquiry. (In re Pedro T., supra, 8 Cal.4th at pp. 1048-1049, 36 Cal. Rptr.2d 74, 884 P.2d 1022.) Legislative intent must be demonstrated with sufficient clarity that a reviewing court can discern and effectuate it. (Id. at p. 1049, 36 Cal.Rptr.2d 74, 884 P.2d 1022.) In In re Pedro T., the juvenile had been sentenced pursuant to a statute that increased punishment and included an express sunset clause. The date set forth in the sunset clause occurred while the case was on appeal The California Supreme Court held that the inclusion of an express, specific sunset clause evidenced an intent that *269 the increased punishment statute be applied to all offenses committed prior to the date set forth in the sunset clause. (8 Cal.4th at pp. 1048-1049, 36 Cal.Rptr.2d 74, 884 P.2d 1022.)

Application to Pending Cases
A statute's words are to be given a plain and commonsense meaning. (People v. Mendoza (2000) 23 Cal.4th 896, 907, 98 Cal.Rptr.2d 431, 4 P.3d 265.) Section 1210.1 itself does not contain any language that specifies or suggests that its ameliorative provisions do not apply to cases in which the conviction is not final. The statute does not contain any language that specifies a conviction must be obtained on or after a date certain in order for its provisions to apply. (See, e.g., People v. Holland, supra, 141 Cal.App.3d at p. 797, 190 Cal.Rptr. 552, People v. Superior Court (Martin), supra, 132 Cal.App.3d at p. 663, 183 Cal.Rptr. 563, Talley v. Municipal Court, supra, 87 Cal.App.3d at pp. 113-114, 150 Cal.Rptr. 743.) Thus, the language of the statute itself, considered in isolation, would mandate application of the common law rule that a defendant is entitled to the benefit of a mitigation of punishment adopted before his or her criminal conviction becomes final. (People v. Rossi, supra, 18 Cal.3d at p. 299, 134 Cal.Rptr. 64, 555 P.2d 1313.)
In analyzing a statute, however, we do not consider the language of the statute in isolation. (People v. Mendoza, supra, 23 Cal.4th at p. 907, 98 Cal.Rptr.2d 431, 4 P.3d 265.) Section 8 of the Proposition 36 initiative measure states: "Except as otherwise provided, the provisions of this act shall become effective July 1, 2001, and its provisions shall be applied prospectively." (Guide, supra, at p. 69.) In my view, the language in section 8 does not alter the common law rule that the provisions of Proposition 36 should be applied to defendants whose convictions were not final as of July 1, 2001, and who are otherwise eligible.
The very language of the plus section in Proposition 36 states it is to be applied "prospectively" and Estrada considered the application of ameliorative statutes to pending cases to be a limited retroactive application. (In re Estrada, supra, 63 Cal.2d at p. 747, 48 Cal.Rptr. 172, 408 P.2d 948.) However, in that same sentence, the initiative measure states that the provisions of the statute are to be applied prospectively, "[e]xcept as otherwise provided." (Italics added.) We must presume that the language "except as otherwise provided" is not mere surplusage. (Renee J. v. Superior Court, (2001) 26 Cal.4th 735, 744, 110 Cal.Rptr.2d 828, 28 P.3d 876.) The phrase "except as otherwise provided" clearly modifies the latter part of the sentence regarding the operative date of the initiative and its purported prospective application. (Renee J. v. Superior Court, supra, 26 Cal.4th at p. 743, 110 Cal. Rptr.2d 828, 28 P.3d 876.) The majority (maj.opn. p. 258) reach a contrary conclusion, without analysis and only a cursory discussion.
There is no language contained in either section 1210 or 1210.1, both enacted as Proposition 36, which provides any other operative date. Nor is there any language that specifies the provisions of the statute are applicable only to convictions of offenses occurring after a date certain, as is contained in section 1203.4, subdivision (a), for example.
There is, however, language in section 1210.1, subdivision (e) that makes its provisions applicable to those whose convictions predate the operative date of Proposition 36. Section 1210.1, subdivision (e), pertaining to violations of probation, applies to offenders whose convictions predate the effective date of the statute and who are on probation for nonviolent drug possession *270 offenses. (§ 1210.1, subd. (e)(3)(D), (E), (F).) Section 3063.1, enacted as section 6 of the initiative measure, addresses violations of parole and specifies that its provisions apply to persons who were on parole as of the operative date of the initiative. (§ 3063.1, subd. (d)(3)(D).)
The phrase "except as otherwise provided" does not restrict its analysis to a review of the statutory provisions enacted as part of Proposition 36. If this phrase were designed to exclude application of other statutes and decisional law, it would so provide. (N.B.C. Subsidiary v. Superior Court (Locke) (1999) 20 Cal.4th 1178, 1191, fn. 7, 86 Cal.Rptr.2d 778, 980 P.2d 337 [except as otherwise provided in this code]; People v. 63M Skyway Paradise, CA (1999) 71 Cal.App.4th 1026, 1029, fn. 4, 84 Cal.Rptr.2d 198 [except as otherwise provided in enumerated code sections]; Florio v. Lau (1998) 68 Cal.App.4th 637, 642, 80 Cal.Rptr.2d 409 ["except as otherwise provided in paragraph (c)"].)
Looking to decisional law and other statutory provisions to ascertain the import the phrase "except as otherwise provided" has on the implementation of Proposition 36, the result is the same. (See Estate of Griswold (2001) 25 Cal.4th 904, 911, 108 Cal.Rptr.2d 165, 24 P.3d 1191.) In California, since at least 1894, the law has "otherwise provided" that a defendant whose conviction is not final receives the benefit of a modification of a penal statute. (Spears v. County of Modoc (1894) 101 Cal. 303, 305, 35 P. 869.) This rule was followed in Estrada and subsequent cases and is not abrogated by either section 3 of the Penal Code or Government Code section 9608. (People v. Rossi, supra, 18 Cal.3d at p. 298, 134 Cal.Rptr. 64, 555 P.2d 1313.)
Also included in section 1210.1 and section 3063.1 is the phrase "notwithstanding any other provision of law." (§ 1210.1, subd. (a), § 3063.1, subd. (a).) This language is an express statement of intent to have the statute apply in all situations in which its application is constitutional, despite the existence of statutory or decisional law to the contrary. (People v. Tillman, supra, 73 Cal.App.4th at pp. 784-785, 86 Cal.Rptr.2d 715.) Thus, construing section 8 of the Proposition 36 initiative measure in conjunction with the language of the statute, and applying ordinary principles of statutory construction, leads to the inevitable conclusion that the language of the statute itself is comprehensive and controlling; the provisions of section 1210.1 are to be applied broadly in all situations where constitutionally permissible; and there is no constitutional bar to applying section 1210.1 to cases in which the conviction is not final. (People v. Rossi supra, 18 Cal.3d at p. 298, 134 Cal.Rptr. 64, 555 P.2d 1313.)
Interpreting the operative date and implementation of Proposition 36 to include those cases where a conviction is not final as of July 1, 2001, also furthers the stated purposes and intent of the initiative measure. The initiative measure is designed to: (1) divert from incarceration into community-based drug treatment programs nonviolent defendants convicted of simple drug use or drug possession offenses; (2) reduce the expenditure of state funds used for the incarceration of nonviolent drug offenders; and (3) preserve prison and jail cells for serious and violent offenders. (Guide, supra, Initiative measure, Prop. 36, § 3, p. 66.) We are bound to construe a statute so as to effectuate the purpose and intent of the law. (Preston v. State Bd. of Equalization, supra, 25 Cal.4th at p. 213, 105 Cal.Rptr.2d 407. 19 P.3d 1148.) The majority failed to consider these stated purposes of Proposition 36 in their discussion of the intent of the drafters (maj. opn. pp. 259-260). However, by including *271 in the ambit of Proposition 36 those cases in which a conviction is not final prior to July 1, 2001, these purposes are furthered while at the same time an appropriate lapse of time between passage and implementation is factored into the equation so that the necessary drug treatment programs will be in place.
Application of Proposition 36 to pending cases is supported by those cases interpreting the Arizona statute on which Proposition 36 is based. Section 2, subdivision (c), of the initiative measure sets forth the findings and declarations with respect to Proposition 36. Included in that section is a finding that the 1996 Arizona initiative has resulted in safer communities and savings of taxpayers dollars. In Foster v. Irwin (2000) 196 Ariz. 230, 995 P.2d 272, the appellate court noted that the overarching purpose of the Arizona proposition was to treat drug offenses as a medical problem best handled with treatment, not incarceration. (Id. at p. 231, 995 P.2d 272.)
In Baker v. Superior Court (1997) 190 Ariz. 336, 947 P.2d 910, the court addressed whether the provisions of the proposition should be applied when the offense was committed prior to passage of the proposition, but the conviction was rendered after the effective date of the statute. The language of Proposition 200 (A.R.S., § 13-901.01) passed by the voters of the State of Arizona in 1996 is substantially similar to the language of section 1210.1, subdivisions (a) and (b), passed by the California voters as part of Proposition 36.[9] The Arizona court noted that the literal language of the statute and the purpose and intent of the proposition would indicate that Proposition 200 should be applied to cases in which the conviction was not final as of the effective date of the proposition. However, other provisions of Arizona law provide that when the penalty for an offense is altered, the penalty in effect at the time the crime is committed is applicable to the offense, even if the modification is ameliorative. (Id. at p. 338, 947 P.2d 910.) Thus, unlike California, Arizona's other provisions of law precluded application to pending cases.
Nor is a single statement (Guide, p. 26) by a backer of the initiative to the effect that those offenders convicted after July 1, 2001, are to receive treatment, rather than prison time, sufficient to justify an opposite conclusion as to the applicability of Proposition 36. A single and somewhat ambiguous statement is not sufficient to overcome the principles of common law, the use of the comprehensive language "notwithstanding any other provision of law" in section 1210.1 itself, and the stated findings and purposes of the proposition as set forth in sections 2 and 3 of the initiative measure. This single comment in the face of the other legislative history and statement of intent simply is an insufficient demonstration of intent. (In re Pedro T., supra, 8 Cal.4th at p. 1049, 36 Cal.Rptr.2d 74, 884 P.2d 1022.)
Moreover, to the extent the provisions of Proposition 36 are susceptible to more than one construction, as evidenced by the ambiguous language of section 8 of the proposition and the widely disparate interpretations of the provisions of Proposition 36 by Floyd and the People, the statute must be construed in favor of the defendant. *272 Whenever the language used in a penal statute is susceptible of more than one interpretation, it is the policy of this state to apply the rule of lenity and construe the statute favorably to the defendant. (People v. Snyder (2000) 22 Cal.4th 304, 314, 92 Cal.Rptr.2d 734, 992 P.2d 1102.) The rule of lenity applies to statutes governing sentencing as well as other penal statutes. (People v. Coelho (2001) 89 Cal.App.4th 861, 885, 107 Cal.Rptr.2d 729.) Again, the majority opinion does not apply the rule of lenity.
In sum, the initiative measure contains ambiguous language, particularly with respect to section 8 of Proposition 36 and its use of the qualifier "except as otherwise provided" with respect to the operative date. In light of the somewhat ambiguous language in section 8 of the initiative measure, combined with the use of the comprehensive phrase "notwithstanding any other provision of law," and the stated purpose and intent of the proposition, we conclude we must construe the statute as applying to those defendants whose convictions were not final as of July 1, 2001. (People v. Snyder, supra, 22 Cal.4th at p. 314, 92 Cal.Rptr.2d 734, 992 P.2d 1102.)
This analysis comports with the holding of In re DeLong, supra, 93 Cal.App.4th 562, 113 Cal.Rptr.2d 385. The DeLong court found that Proposition 36 applied to a defendant who had been found guilty, but not yet sentenced, when the initiative measure took effect on July 1, 2001. (Id. at p. 570, 113 Cal.Rptr.2d 385.) The De-Long court, however, did not address application of Proposition 36 to defendants who had been sentenced but were appealing the sentence, nor did DeLong address the import of the language "[e]xcept as otherwise provided."
We do not disagree with In re DeLong's conclusion that: (1) the date of conviction, rather than the date of commission of the offense, determines eligibility under Proposition 36; (2) Proposition 36 was intended to have a far-ranging application to nonviolent drug offenders; and (3) "conviction" means adjudication of guilt and judgment thereon. (In re DeLong, supra, 93 Cal.App.4th at pp. 568-570, 113 Cal. Rptr.2d 385.) Applying these same principles leads to the conclusion that when the term "conviction" is defined as adjudication of guilt and judgment thereon, the judgment must be final, thus any defendant whose conviction is not final as of July 1, 2001, is entitled to benefit from the provisions of Proposition 36.[10]
In essence, the court in Scoggins reached this same conclusion when it applied Proposition 36 to a defendant who committed an offense prior to July 1, 2001; the trial court deferred entry of judgment pursuant to section 1000 et seq.; and deferred entry of judgment was terminated on October 6, 2000, at which time a conviction was entered. The defendant failed to appear at the October 6 hearing, but deferred entry of judgment was reinstated on November 6, 2000. Deferred entry of judgment was again terminated on June 13, 2001. On July 11, 2001, the trial court refused to apply Proposition 36 and imposed a term of 60 days in jail plus 2 years formal probation. (In re Scoggins, supra, 94 Cal.App.4th at p. 651, 114 Cal.Rptr.2d 508.) The appellate court concluded that "conviction" within the meaning of section 1210.1 occurred on July 11, 2001, and that Proposition 36 therefore applied. (Id. at p. 657, 114 Cal.Rptr.2d 508.)
*273 Under the reasoning and analysis set forth in the majority opinion, defendants who are similarly situated would receive disparate treatment. According to the majority, a defendant sentenced prior to July 1, 2001 whose conviction is affirmed on appeal does not incur the benefit of Proposition 36. However, a defendant sentenced prior to July 1, 2001, whose sentence is vacated on appeal or whose conviction is reversed apparently would be subject to Proposition 36 on remand.
If under Scoggins a defendant is not "convicted" until there has been a final resolution of his or her status under section 1000 et seq., then "conviction" for other defendants should refer to that point in time when there has been a final determination of their status.
Moreover, under In re Varnell (2002) 95 Cal.App.4th 205, 115 Cal.Rptr.2d 464, virtually every defendant who has been sentenced to prison for a nonviolent drug possession offense, regardless of whether the conviction is final, will be able to bring a writ petition seeking permission to have the trial court consider exercising its discretion under section 1385 and apply Proposition 36.

Conclusion
Under established rules of statutory construction, the doctrine of abatement, and rule of lenity, Proposition 36 applies to all cases in which the judgment is not final as of July 1, 2001. Floyd's current offense arose because he called 911 for assistance when his girlfriend of 12 years suffered cardiac arrest. The officers responding to the call found Floyd in a distraught state and in possession of .25 grams of cocaine. Prior to the commission of the current offense on August 30, 2000, Floyd had not engaged in any criminal activity for over seven years. Floyd appears to be the type of defendant for whom Proposition 36 was designed. For these reasons, I would vacate the sentence and remand for resentencing in accordance with the provisions of Proposition 36.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication with the exception of part VII.
[1] "The statutory scheme consists of the following sections: Penal Code section 1210, which defines various terms; Penal Code section 1210.1, which provides for probation and drug treatment for persons convicted of a nonviolent drug possession offense; Penal Code section 3063.1, generally providing for drug treatment rather than parole revocation if a parolee commits a nonviolent drug possession offense or violates a drug-related condition of parole; and Health and Safety Code section 11999.4 through 11999.13, pertaining to funding for substance abuse treatment." (In re DeLong (2001) 93 Cal.App.4th 562, 566, 113 Cal.Rptr.2d 385 (DeLong).)
[2] In People v. Legault (2002) 95 Cal.App.4th 178, 115 Cal.Rptr.2d 352, the appellate court concluded that Proposition 36 did not apply to defendants sentenced prior to its effective date. However, it merely assumed that the term "conviction" did not include defendants who were sentenced prior to the proposition's effective date.
[**] See footnote *, ante.
[1] All further statutory references are to the Penal Code unless otherwise noted.
[2] The full text of section 1210.1, subdivision (a) states:

"(a) Notwithstanding any other provision of law, and except as provided in subdivision fb), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. A court may not impose incarceration as an additional condition of probation. Aside from the limitations imposed in this subdivision, the trial court is not otherwise limited in the type of probation conditions it may impose....
"In addition to any fine assessed under other provisions of law, the trial judge may require any person convicted of a nonviolent drug possession offense who is reasonably able to do so to contribute to the cost of his or her own placement in a drug treatment program."
[3] The full text of section 1210.1, subdivision (b) is as follows:

"(b) Subdivision (a) does not apply to either of the following:
"(1) Any defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person.
"(2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony.
"(3) Any defendant who:
"(A) While using a firearm, unlawfully possesses any amount of (i) a substance containing either cocaine base, cocaine, heroin, methamphetamine, or (ii) a liquid, non-liquid, plant substance, or hand-rolled cigarette, containing phencyclidine.
"(B) While using a firearm, is unlawfully under the influence of cocaine base, cocaine, heroin, methamphetamine or phencyclidine.
"(4) Any defendant who refuses drug treatment as a condition of probation.
"(5) Any defendant who (A) has two separate convictions for nonviolent drug possession offenses, (B) has participated in two separate courses of drug treatment pursuant to subdivision (a), and (C) is found by the court, by clear and convincing evidence, to be unamendable to any and all forms of available drug treatment. Notwithstanding any other provision of law, the trial court shall sentence such defendants to 30 days in jail."
[4] The Official Voter Information Guide for the 2000 General Election will be referred to hereafter as the "Guide."
[5] Uncodified provisions of initiative measures are known as "plus sections." (People v. Allen (1999) 21 Cal.4th 846, 858 & fn. 13, 89 Cal.Rptr.2d 279, 984 P.2d 486.)
[6] Although not dispositive of the issue in this case, an initiative approved by the voters takes effect the day after the election, unless otherwise provided. (Cal. Const., art. II, § 10, subd. (a).) The majority opinion does not consider whether the July 1, 2001 date contained in section 8 of Proposition 36 describes an effective or operative date, as those terms are defined. (Preston v. State Bd. of Equalization, supra, 25 Cal.4th at p. 223, 105 Cal.Rptr.2d 407, 19 P.3d 1148.) The postponement of an operative date of a statute does not necessarily mean that it was intended to apply only to cases arising after the operative date. (Id. at pp. 223-224, 105 Cal. Rptr.2d 407, 19 P.3d 1148.)
[7] Government Code section 9608 provides that the "termination or suspension (by whatsoever means effected) of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so terminated or suspended, unless the intention to bar such indictment or information and punishment is expressly declared by an applicable provision of law."
[8] Section 3 provides that no part of the Penal Code is retroactive, unless expressly so declared.
[9] The Arizona law differs in two respects: (1) offenders who have been convicted of a violent felony at any time are ineligible for sentencing under the mandatory probation sentencing scheme; and (2) an offender who has a third conviction for a nonviolent drug possession offense must be sentenced under the standard sentencing scheme and is ineligible for probation. (Compare A.R.S., § 13.901.01, subds. (A) & (B) and § 1210.1, subd. (b)(1) & (b)(5).)
[10] The case of People v. Legault (2002) 95 Cal.App.4th 178, 115 Cal.Rptr.2d 352 is distinguishable from the instant case in that the defendant in Legault was sentenced pursuant to a plea agreement.